*In re* JEFFREY RAUCH *et al.*, Minors.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* ROBERT GRIFFIN *et al.*, Respondents-Appellants.)

Third District   No. 75-456

Opinion filed January 31, 1977.

Hartzell, Glidden & Tucker, of Carthage (John Glidden, of counsel), for appellants.

Patrick J. Corcoran, State's Attorney, of Carthage (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from an order of the circuit court of Hancock County terminating the parental rights of Robert and Carol Griffin in two minor children, Jeffrey Rauch and Hazel Griffin, and further ordering that the State of Illinois, Department of Children & Family Services, have the authority to consent to the adoption of the minors.

On April 14, 1975, a petition was filed alleging the minors were neglected for stated reasons. On May 28, 1975, a hearing was conducted and the minors were found to be neglected and made wards of the court. A supplemental petition for adoption was filed on July 18, 1975, and on August 1, after a hearing, the minors were permanently removed from the care, custody and control of respondents Robert Griffin and Carol Griffin. Throughout the proceedings respondents were represented by court-appointed counsel. Both respondents stopped their education after the ninth grade. The events which culminate in the order of August 1 began in the middle of December of the previous year.

On December 8, 1974, Jeffrey was brought to a hospital for treatment of symptoms later determined to be caused by malnutrition. The Department of Family Services began their involvement with the Griffins in the third week of December 1974. On January 8, 1975, Jeffrey was again admitted to the hospital for treatment of the same symptoms that had existed on his earlier visit. After Jeffrey was placed in the custody of the Department of Family Services pursuant to the court order declaring the minors to be wards of the court, he was found to be suffering from malnutrition, to have rotten teeth, to have no active tear ducts and to be hard of hearing or deaf. Hazel was found to be unable to digest her food and subject to *petite mal* seizures. In treating the medical problems of each child, special attention must be paid to their diets with certain variations from the normal household diet. During the period of wardship, the Department had placed the children with foster parents, one of whom was a registered nurse.

The first issue we must deal with is one of jurisdiction. The order of the trial court, which terminated the parental rights of the Griffins, also provided that they have 50 days in which to file a notice of appeal. This portion of the order was entered pursuant to a motion by the Griffins court-appointed counsel without objection by the State's Attorney. Indeed, the State's Attorney suggested that it be incorporated into the order and both the court and counsel for the Griffins agreed.

■■ Petitioners argue that the portion of the order of the trial court providing for 50 days in which to file a notice of appeal is in contravention of the 30-day time limitation contained in Supreme Court Rule 303 (Ill. Rev. Stat. 1975, ch. 110A, par. 303a) and therefore this court has no jurisdiction in the matter and the cause should be ordered stricken. We do not agree. This court has previously denied the State's motion to strike the cause from the docket and we adhere to that earlier ruling. A number of cases are cited by counsel for both opposing parties. The case we find most analogous is *Krotke v. Chicago, Rhode Island & Pacific R.R. Co.*, 26 Ill. App. 3d 493, 327 N.E.2d 212. In *Krotke* the defendant by telephone requested plaintiff to grant him an additional 30 days to file a post-trial

motion and plaintiff agreed. This phone conversation was within the 30 days following the date of judgment. A written stipulation was signed by both parties and filed on the 31st day after judgment. The court held that "the trial court had the authority and jurisdiction to enter an order upon the agreement of the parties extending the time within which to file a post-trial motion * * *." (26 Ill. App. 3d 493, 497, 327 N.E.2d 212, 215.) The question presented here is somewhat different, in that it deals not with matters customarily within the realm of the trial court, such as post-trial motions, but rather with matters that are part of the appeal process. However, *Krotke* does demonstrate the broad concept that a party whose own conduct contributes or causes another to commit an irregularity in judicial procedure, cannot later twist that irregularity to his own advantage. We have no doubt that the trial court in the instant case exceeded its authority by allowing counsel for respondents additional time to file his notice of appeal and we neither approve nor condone such action. The trial court had a variety of other means within its power with which to achieve the desired result. But the time difference involved did not engender any prejudice to the State. The ends of justice will be better served by permitting the appeal to proceed.

The next issue presented concerns the petition filed by the State on behalf of the minor children. The petition is entitled "Supplemental Petition for Adoption" but contains the same allegations as used in the earlier "Petition for Adjudication of Wardship." Nowhere in the adoption petition is there an allegation that the parents are unfit or the factual allegations in support thereof. No objection was made to this in the trial court by respondents. Petitioners contend that by failing to raise the absence of an allegation of unfitness in the trial court, the respondents have waived the point. Respondents urge that without the allegation of unfitness, the complaint fails to state a cause of action and that failure to state a cause of action can be raised for the first time on appeal. An examination of the statutes governing this area is essential to a resolution of the issue.

■■■ The proceedings were governed in part by the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, pars. 701—1 to 708—4). Section 705—9 of that Act provides:

"(1) A ward of the court under this Act, with the consent of the court, may be a subject of a petition for adoption under 'An Act in relation to the adoption of persons, and to repeal an Act therein named' * * *.

(2) If the petition prays and the court finds that it is in the best interest of the minor that a guardian of the person be appointed and authorized to consent to the adoption of the minor, the court * * * after finding a non-consenting parent to be unfit as provided

in this Section, may empower the guardian of the person of the minor * * * to consent to the adoption * * *.

(3) * * * A finding of the unfitness of a nonconsenting parent must be made in compliance with that Act [Adoption Act]."

The Adoption Act (Ill. Rev. Stat. 1975, ch. 4, pars. 9.1—1 to 9.1—24) provides at section 9.1—5:

"B. A petition to adopt * * * shall state:

* * *

(j) That the person * * * having authority to consent * * * is an unfit person and the ground therefor, * * *."

Section 9.1—20 of the Adoption Act provides in part that "All defects in pleadings, either in form or substance, not objected to prior to the entry of final decree, shall be deemed to be waived." (Ill. Rev. Stat. 1975, ch. 4, par. 9.1—20.) This precise language is contained in section 42(3) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 42(3)), and we may therefore be guided by the cases under that section. While the breadth of the language of section 42(3) of the Civil Practice Act is all inclusive, judicial interpretation has somewhat restricted its actual scope. The petitioners allege that no pleading is bad in substance which contains such information as reasonably informs the opposite party of the claim he is called upon to meet. We do not disagree with such a rule, but as stated in *Cooper v. Village of Lincolnshire*, 108 Ill. App. 2d 251, 256, 247 N.E.2d 434, 437, "acceptance of this rule does not do away with the necessity of stating a cause of action in any case * * *." The waiver theory urged by the State is applicable only to formal and unsubstantial defects. Failure to state a cause of action cannot be waived and can be raised for the first time on appeal. (*Lasko v. Meier*, 394 Ill. 71, 67 N.E.2d 162; *Psyhogios v. Village of Skokie*, 4 Ill. App. 3d 186, 280 N.E.2d 552.) The Adoption Act as previously set forth, requires the petition to state that the parent is unfit and the grounds therefore. As such, the provisions requiring an allegation of unfitness and supporting factual allegations are material and an essential element of a petition terminating parental rights. While only substantial compliance with the Adoption Act is required (*Gebhardt v. Warren*, 399 Ill. 196, 77 N.E.2d 187), we must determine if such compliance exists. We fail to see how failure to comply with one of the material provisions of the Adoption Act can be regarded as substantial compliance. While the paramount consideration in such proceedings is the best interest and welfare of the child to be adopted (Ill. Rev. Stat. 1975, ch. 4, par. 9.1—20a), that child's natural parents have inherent and vested rights to the society and custody of their own child, which cannot be terminated forever without compelling justification. (See *In re Grant*, 29 Ill. App. 3d 731, 331 N.E.2d 219.) The respondents were entitled to have the hearing adjudicating their parental rights focus on their

unfitness to be parents, as well as on what was in the best interest of their children. This could not be done under the petition submitted. Under the circumstances presented in this case, the failure to allege the unfitness of respondents and the grounds therefore, as required by the Adoption Act, rendered the petition fatally defective and the cause must be reversed. Since no appeal was taken from the earlier adjudication of wardship, it is still in effect and the two minor children remain wards of the court. The cause will therefore be remanded to the trial court for further proceedings to determine the disposition of both the minor children, as wards of the court.

Reversed and remanded with directions.

ALLOY, P. J. and STENGEL, J., concur.