682 N.E.2d 444 (1997)
289 Ill. App.3d 430
224 Ill.Dec. 883
In the Interest of S.J., J.J., and K.J., Alleged to be Neglected Minors (The People of the State of Illinois, Petitioner-Appellee,
v.
Charles J. Jenkins, Respondent-Appellant.)
No. 4-96-0939.
Appellate Court of Illinois, Fourth District.
June 30, 1997.
Alan J. Novick, Jennings, Novick, Smalley & Davis, P.C. (Court-appointed), Bloomington, for Charles J. Jenkins.
Charles G. Reynard, State's Attorney, Bloomington, Norbert J. Goetten, Director, Robert J. Biderman, Deputy Director, David E. Mannchen, Staff Attorney, State's Attorneys Appellate Prosecutor, Springfield, for the People.
Presiding Justice STEIGMANN delivered the opinion of the court:
In March 1993, the trial court adjudicated each of the respondent minors in this case, S.J. (born September 1982), J.J. (born June 1984), and K.J. (born July 1985), neglected minors, made them wards of the court, and placed them under the guardianship of the Illinois Department of Children and Family Services (DCFS). In November 1995, the State filed a petition to terminate the parental rights of respondent father, Charles J. Jenkins, and the court conducted a hearing on that petition in June 1996. After hearing the evidence, including testimony that Jenkins had not had any contact with his three children in over one year, the court found Jenkins to be unfit and terminated his parental *445 rights by written order entered June 27, 1996. See 750 ILCS 50/1(D)(b), (D)(m), (D)(n) (West 1994).
Jenkins appeals, arguing that the trial court (1) failed to obtain proper service on Jenkins and the eldest child, S.J.; and (2) erred in terminating the appointment of Jenkins' court-appointed attorney in January 1996 due to Jenkins' failure to have any contact with his attorney.
We dismiss this appeal.
Even though the trial court entered its written order terminating Jenkins' parental rights on June 27, 1996, he did not file a notice of appeal until December 2, 1996. The State asks this court to dismiss Jenkins' appeal for lack of appellate jurisdiction, pointing out that his delay in filing a notice of appeal goes far beyond the 30-day limit set by Supreme Court Rules 303 and 660(b) (155 Ill.2d R. 303; 134 Ill.2d R. 660(b)), as well as beyond the period set for filing a late notice of appeal under Supreme Court Rule 303(d) (155 Ill.2d R. 303(d)). In support of the State's claim that this court lacks jurisdiction and must dismiss Jenkins' appeal, the State cites Martin v. Cajda, 238 Ill.App.3d 721, 728, 179 Ill.Dec. 734, 739, 606 N.E.2d 566, 571 (1992), which held as follows:
"[Completely dispositive of the issue before this court is the requirement that] `[t]o vest the appellate court with jurisdiction[,] a party must file a notice of appeal within 30 days after entry of [the] judgment appealed from.' [Citation.] Compliance with the deadlines for appeals in Supreme Court Rule 303 is mandatory and jurisdictional [citations], and appellate jurisdiction may not be conferred by laches, consent, waiver[,] or estoppel."
See also In re Kerwood, 44 Ill.App.3d 1040, 1043, 3 Ill.Dec. 773, 775, 359 N.E.2d 183, 185 (1976); In re Charles S., 83 Ill.App.3d 515, 516-17, 39 Ill.Dec. 51, 52, 404 N.E.2d 435, 436 (1980) (appellant's failure to appeal within 30 days of adjudication of wardship coupled with a dispositional order deprived appellate court of jurisdiction to hear that appeal).
In response, Jenkins cites In re Ranch, 45 Ill.App.3d 784, 4 Ill.Dec. 61, 359 N.E.2d 894 (1977), where the Third District Appellate Court rejected the State's argument that the court had no jurisdiction to consider an appeal by a parent whose parental rights had been terminated when notice of appeal was filed more than 30 days after the judgment appealed from. In Ranch, the trial court told the respondent parents that they had 50 days in which to file a notice of appeal, and the State's Attorney apparently agreed with that representation. The appellate court cited the "broad concept that a party whose own conduct contributes or causes another to commit an irregularity in judicial procedure[] cannot later twist that irregularity to his own advantage." Ranch, 45 Ill.App.3d at 787, 4 Ill.Dec. at 63, 359 N.E.2d at 896. Noting that the time difference involved did not engender any prejudice to the State, the third district concluded that "[t]he ends of justice will be better served by permitting the appeal to proceed." Ranch, 45 Ill.App.3d at 787, 4 Ill.Dec. at 63, 359 N.E.2d at 896. Based upon Ranch, Jenkins claims that this court has discretion to hear his appeal, especially where, as here, the "ends of justice" would be better served by permitting the appeal to proceed. We disagree.
Although 20 years have passed since Rauch was decided, no case in this State has followed its holding that circumstances can exist in which the appellate court can accept an appeal not filed in accordance with Supreme Court Rule 303. We disagree with Rauch on the merits and view Martin as a more correct and current statement of Illinois law on this point.
Accordingly, for the reasons stated, we dismiss Jenkins' appeal.
Appeal dismissed.
McCULLOUGH and GARMAN, JJ., concur.