827 N.E.2d 526 (2005)
356 Ill. App.3d 1102
292 Ill.Dec. 997
In re the Application of the COUNTY TREASURER and Ex-Officio County Collector for Judgment and Order of Sale Against Real Estate Returned Delinquent for NonPayment of General Taxes and Special Assessments for the Year 2002 and Prior Years (Laurence D. Craig, Petitioner-Appellee,
v.
Linda Brown, Respondent-Appellant).
No. 4-04-0733.
Appellate Court of Illinois, Fourth District.
Argued February 23, 2005.
Decided April 18, 2005.
Rehearing Denied May 24, 2005.
*528 Thomas W. Funk (argued), Lincoln, for Linda Brown.
*529 Douglas A. Muck (argued), Muck & Muck, Lincoln, for Laurence D. Craig.
Justice STEIGMANN delivered the opinion of the court:
On May 19, 2004, the trial court ordered that a tax deed be issued to petitioner, Laurence D. Craig, for real property located at 512 N. Madison Street in Lincoln. The next day, respondent, Linda Brown, who resided at the subject property, filed a motion to vacate the tax deed. Following a June 2004 hearing, the court denied Brown's motion.
In July 2004, Brown filed motions to (1) vacate the tax deed under section 2-1401 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-1401 (West 2002)) and (2) declare section 22-45 of the Property Tax Code (35 ILCS 200/22-45 (West 2002)) unconstitutional under the equal-protection clause of the United States Constitution (U.S. Const., amend. XIV). Following a July 2004 hearing, the trial court denied both motions and ordered Brown to vacate and surrender the subject property.
Brown appeals, arguing that the trial court erred by (1) denying her motion to vacate the tax deed under section 2-1401 of the Civil Code and (2) denying her motion to declare section 22-45 of the Property Tax Code unconstitutional. We affirm.

I. BACKGROUND
In October 2001, Craig purchased the unpaid taxes on the subject property at an annual auction sale of real estate for nonpayment of general taxes. In January 2004, Craig filed a petition for a tax deed, and a take notice was mailed to interested parties and published in The Courier, a local newspaper. Pursuant to the take notice, the period in which an interested party could redeem the property expired on April 29, 2004. A May 3, 2004, docket entry states that as of that date, no objection or pleading had been filed. On May 19, 2004, the trial court entered an order directing the Logan County clerk to issue a tax deed conveying the property to Craig.
On May 20, 2004, Brown filed a motion to vacate the tax deed, alleging as follows: (1) she was entitled to title to the property at issue, and litigation to quiet title was pending in Logan County case No. 00-LM-07; (2) after being served with the notice of the proceeding for the tax deed, she contacted the Logan County clerk and recorder's office and was told that she would not be able to redeem the property; (3) based on that information, she did not file a pleading in the case; (4) she attempted to attend the hearing on the petition for the tax deed but was unable to locate the hearing and was told by the Logan County clerk's office that it had no record of the hearing; (5) when the Logan County clerk discovered record of the hearing, the hearing had already concluded; and (6) if the trial court had known of her claim to the property, the court would not have granted Craig's petition for the tax deed.
On June 15, 2004, Craig filed a motion entitled "Motion to Dismiss Or In [the] Alternative For Summary Judgment." In that motion, Craig argued that (1) Brown lacked standing to challenge the tax deed because (a) Brown did not attach any proof of title or ownership to her motion to vacate the tax deed, (b) no filing with the recorder's office showed that Brown had an interest in the property, and (c) Brown's counterclaim in Logan County case No. 00-LM-07 did not constitute ownership or give her a right to redeem the property; and (2) Brown's motion to vacate the tax deed was insufficient on its face because it failed to meet the requirements of section 22-45 of the Property Tax Code (35 ILCS 200/22-45 (West 2002)).
*530 On June 18, 2004, the trial court conducted a hearing on Brown's motion to vacate the tax deed and took the matter under advisement. On June 25, 2004, the court entered the following docket entry:
"Court finds that under 35 ILCS 200/22-45 * * * tax deeds are not contestable except by direct appeal or under 735 ILCS 5/2-1401. This [c]ourt does hereby deny [Brown's] [m]otion [t]o [v]acate [t]ax [d]eed. Mr. [Douglas A.] Muck and Mr. [Thomas W.] Funk [(counsel for Craig and Brown, respectively)] notified by letter."
Also on June 25, 2004, the court mailed identical letters to Muck and Funk. (Both letters were file-stamped by the Logan County clerk on June 25, 2004.) The body of the letter consisted of one paragraph, quoted below in its entirety:
"I am writing to you in regards to my ruling in the above captioned case. After reviewing the cases cited[,] the [c]ourt finds that under 35 ILCS 200/22-45 that tax deeds are not contestable except by direct appeal or under 735 ILCS 5/2-1401. This [c]ourt does hereby deny [Brown's] [m]otion to [v]acate [t]ax [d]eed."
On July 9, 2004, Brown filed a motion to vacate the tax deed under section 2-1401 of the Civil Code (735 ILCS 5/2-1401 (West 2002)). In that petition, Brown alleged, in pertinent part, that (1) she owned the subject property; (2) she was living there on the date the redemption period expired; and (3) because of her reliance on the erroneous advice of a Logan County employee, she had missed the opportunity to redeem the property.
On July 12, 2004, Brown filed a motion to declare section 22-45 of the Property Tax Code (35 ILCS 200/22-45 (West 2002)) unconstitutional under the equal-protection clause of the United States Constitution (U.S. Const., amend. XIV). Specifically, she claimed that (1) section 22-45 of the Property Tax Code affords residents of counties with a population over 3 million an additional way to seek relief after a tax deed is issued and (2) but for the fact that the subject property was located in a county with a population below 3 million, she would have been entitled to relief under section 22-45. Also on that date, Brown filed a motion to stay enforcement of the trial court's judgment pending hearing and appeal.
Also on July 12, 2004, the trial court conducted a hearing on Brown's motions to declare section 22-45 unconstitutional and stay enforcement of its judgment. At the start of that hearing, Muck presented the court with a written order he had prepared based on the court's June 25, 2004, letter ruling. The court agreed that an order needed to be entered, and Muck and Funk agreed to make some modifications to the prepared order and resubmit it to the court.
On July 16, 2004, the trial court entered a written order that (1) denied Brown's May 20, 2004, motion to vacate the tax deed and (2) granted Craig's motion to dismiss, or alternatively, for summary judgment.
Following a July 19, 2004, hearing on Brown's (1) July 9, 2004, motion to vacate the tax deed under section 2-1401 of the Civil Code (735 ILCS 5/2-1401 (West 2002)) and (2) July 12, 2004, motion to declare section 22-45 of the Property Tax Code (35 ILCS 200/22-45 (West 2002)) unconstitutional, the trial court denied both motions. On August 13, 2004, the court entered a written order, denying both of Brown's motions and ordering her to vacate and surrender the subject property.
Also on August 13, 2004, Brown filed a notice of appeal.

*531 II. ANALYSIS

A. Appellate Court Jurisdiction
Craig argues that this court lacks jurisdiction to consider Brown's appeal of the trial court's May 19, 2004, order because her August 13, 2004, notice of appeal was not timely filed. Specifically, he contends that (1) the trial court denied Brown's May 20, 2004, motion to vacate the tax deed on June 25, 2004, and (2) Brown's subsequent motions were improper successive posttrial motions that did not toll the Supreme Court Rule 303(a)(1) requirement that a notice of appeal must be filed within 30 days of the court's ruling on a posttrial motion (155 Ill.2d R. 303(a)(1)). Brown responds that her August 13, 2004, notice of appeal was timely because (1) the trial court did not rule on her May 20, 2004, motion to vacate the tax deed until July 16, 2004; or, in the alternative, (2) she is appealing the trial court's August 13, 2004, order denying her section 2-1401 motion and her motion to declare section 22-45 of the Property Tax Code unconstitutional. We agree with Craig that we lack jurisdiction to consider Brown's appeal of the court's May 19, 2004, order. However, we have jurisdiction to consider the court's August 2004 order denying Brown's section 2-1401 motion and motion to declare section 22-45 unconstitutional.

1. Jurisdiction To Review the Trial Court's May 19, 2004, Order

Brown contends that her August 13, 2004, notice of appeal was timely because the trial court did not rule on her May 20, 2004, motion to vacate the tax deed until July 16, 2004, when the court signed the written order prepared by Muck. However, whether Brown's notice of appeal was timely filed turns initially on whether the court's June 25, 2004, order denying her motion to vacate the tax deed constituted an "order disposing of the last pending post[]judgment motion" under Supreme Court Rule 303(a)(1) (155 Ill.2d R. 303(a)(1)). If so, the 30-day clock began ticking on that date, and Brown's August 13, 2004, notice of appeal was untimely.
In our view, the analysis used to determined when an order is final for purposes of appeal should also apply to orders disposing of posttrial motions that start the clock under Rule 303. "A final order or judgment is a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties to the litigation." Physicians Insurance Exchange v. Jennings, 316 Ill.App.3d 443, 450, 249 Ill.Dec. 337, 736 N.E.2d 179, 185 (2000). Supreme Court Rule 272 explains precisely when a judgment becomes "final" as follows:
"If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by the judge or if a circuit court rule requires the prevailing party to submit a draft order, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record." 137 Ill.2d R. 272.
In both the trial court's docket entry and its letter to Muck and Funk, the court stated that it "hereby denied" Brown's motion to vacate the tax deed. Neither the docket entry nor the letter indicated that the court required the submission of a form of written judgment. The plain language of Rule 272 provides that in the absence of such an indication made "at the time of announcing final judgment," an *532 order becomes final at the time it is entered of record. We thus conclude that the court's order denying Brown's motion to vacate the tax deed took effect on June 25, 2004, when the order was entered of record. Accordingly, Brown's August 13, 2004, notice of appeal was not timely filed, and we lack jurisdiction over her appeal of the court's May 19, 2004, order.
By so concluding, we necessarily answer in the negative the following question: Does subsequent action by the trial court (whether sua sponte or upon request) indicating that a written judgment is to be signed render a previously entered notation judgment no longer of effect? As the First District wrote in Martin v. Cajda, 238 Ill.App.3d 721, 728, 179 Ill.Dec. 734, 606 N.E.2d 566, 571 (1992):
"The notions of the court and the parties as to the finality of an order will not render a final order nonfinal. [Citations.] Nor will a trial court's misapprehension of the law allow an appellant to file his notice of appeal more than 30 days after the trial court issues what actually constitutes a final order."
Moreover, the language of Rule 272 is as strong as it could be and is unique within supreme court rules. To accept the argument that the trial court's later written order restarted the clock for calculating the time in which to appeal would be to read out the first clause of Rule 272, where it states: "If at the time of announcing final judgment the judge requires the submission of a form of written judgment * * *." (Emphasis added.) 137 Ill.2d R. 272. When analyzing supreme court rules, we apply the same rules of construction used in the analysis of statutes (Anderson v. Financial Matters, Inc., 285 Ill.App.3d 123, 135, 220 Ill.Dec. 249, 672 N.E.2d 1261, 1269 (1996)), and when construing a rule or statute, courts should not adopt a meaning that renders any clause meaningless or superfluous (Follett Corp. v. Department of Revenue, 344 Ill.App.3d 388, 395, 279 Ill.Dec. 317, 800 N.E.2d 159, 164 (2003)).
Even though our construction of Rule 272 is consistent with the rule's clear language, we can understand why some uncertainty existed on the part of the trial court and counsel because this decision appears to be the first to explain, in bright-line terms, the effect of the rule's first clause.

2. Jurisdiction To Review the Trial Court's Order Denying Brown's Section 2-1401 Motion and Motion To Declare Section 22-45 of the Property Tax Code Unconstitutional

Craig contends that this court lacks jurisdiction over Brown's appeal of the trial court's August 13, 2004, order because after Brown filed her August 13, 2004, notice of appeal, he filed a timely posttrial motion (August 20, 2004) that invalidated Brown's August 13, 2004, notice of appeal. Brown responds that Craig's August 20, 2004, motion was not a motion against the judgment. We agree with Brown.
Only a motion "directed against the judgment" under Supreme Court Rule 303(a)(1) (155 Ill.2d R. 303(a)(1)) or specified in section 2-1203 of the Civil Code (735 ILCS 5/2-1203 (West 2002)) qualifies as a postjudgment motion that renders a prior notice of appeal of no effect. See R & G, Inc. v. Midwest Region Foundation for Fair Contracting, Inc., 351 Ill.App.3d 318, 325, 286 Ill.Dec. 29, 812 N.E.2d 1044, 1049 (2004). That section allows for a party to file a motion "for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." 735 ILCS 5/2-1203(a) (West 2002).
Craig's August 20, 2004, motion to reconsider asked the court to reconsider and strike two factual findings included in the court's August 13, 2004, order  namely, *533 that (1) the "verified motion to vacate the tax deed establishes [Brown's] equitable ownership of the subject premises" and (2) "[Brown] attempted to redeem the property but was prevented from doing so." Craig's August 20, 2004, motion did not challenge the trial court's judgment and thus did not render Brown's August 13, 2004, notice of appeal of no effect. Accordingly, we conclude that Brown's appeal of the trial court's August 13, 2004, order denying her section 2-1401 motion and motion to declare section 22-45 unconstitutional was timely filed, and we have jurisdiction to review them.

B. Brown's Section 2-1401 Motion
Brown next argues that the trial court erred by denying her motion to vacate the tax deed under section 2-1401 of the Civil Code (735 ILCS 5/2-1401 (West 2002)). We disagree.
Section 2-1401(a) of the Civil Code provides for "[r]elief from final orders and judgments, after 30 days from the entry thereof." 735 ILCS 5/2-1401(a) (West 2002). Under section 22-45 of the Property Tax Code, grounds for relief under section 2-1401 are limited to the following:
"(1) proof that the taxes were paid prior to sale;
(2) proof that the property was exempt from taxation;
(3) proof by clear and convincing evidence that the tax deed had been procured by fraud or deception by the tax purchaser or his or her assignee; or
(4) proof by a person or party holding a recorded ownership or other recorded interest in the property that he or she was not named as a party in the publication notice as set forth in [s]ection 22-20, and that the tax purchaser or his or her assignee did not make a diligent inquiry and effort to serve that person or party with the notices required by [s]ections 22-10 through 22-30." 35 ILCS 200/22-45 (West 2002).
Brown's section 2-1401 motion to vacate the tax deed did not allege any of the enumerated grounds for relief in section 22-45 of the Property Tax Code. We thus conclude that the trial court did not err by denying Brown's section 2-1401 motion to vacate the tax deed.

C. Brown's Equal-Protection Claim
Last, Brown argues that the trial court erred by denying her motion to declare section 22-45 of the Property Tax Code unconstitutional under the equal-protection clause of the United States Constitution (U.S. Const., amend XIV). Specifically, she contends that (1) the final paragraph of section 22-45 would entitle her to relief but for the fact that the subject property is not located in a county with 3 million or more inhabitants and (2) this population-based classification is arbitrary. We disagree.
The provision of section 22-45 that Brown claims is unconstitutional provides as follows:
"In cases of the sale of homestead property in counties with 3,000,000 or more inhabitants, a tax deed may also be voided by the court upon petition, filed not more than [three] months after an order for tax deed was entered, if the court finds that the property was owner occupied on the expiration date of the period of redemption and that the order for deed was effectuated pursuant to a negligent or willful error made by an employee of the county clerk or county collector during the period of redemption from the sale that was reasonably relied upon to the detriment of any person having a redeemable interest." 35 ILCS 200/22-45 (West 2002).
We review de novo a challenge to the constitutionality of a statute. Statutes *534 carry a strong presumption of constitutionality, and the party challenging the statute has the burden of rebutting that presumption. This court has a duty to uphold the constitutionality of a statute if it is reasonably possible to do so. Village of Lake Villa v. Stokovich, 211 Ill.2d 106, 121-22, 284 Ill.Dec. 360, 810 N.E.2d 13, 23 (2004).
The legislature may, in the enactment of general laws, classify counties and municipalities on the basis of population so long as the classification is not arbitrary or does not grant a particular class special or exclusive legislative favors. In re Belmont Fire Protection District, 111 Ill.2d 373, 379-80, 95 Ill.Dec. 521, 489 N.E.2d 1385, 1388 (1986). We presume that legislative classifications are constitutionally valid and resolve any reasonable doubt in favor of upholding the classification. Village of Chatham v. County of Sangamon, 351 Ill.App.3d 889, 899, 286 Ill.Dec. 566, 814 N.E.2d 216, 226 (2004). "A reviewing court will also presume the legislature acted conscientiously and considered the conditions prevailing in the counties before enacting the legislation." Village of Chatham, 351 Ill.App.3d at 899, 286 Ill.Dec. 566, 814 N.E.2d at 226. To withstand constitutional scrutiny, a population-based classification "`must be based upon a rational difference of situation or condition found to exist in the persons or objects upon which the classification rests.'" Village of Chatham, 351 Ill.App.3d at 899, 286 Ill.Dec. 566, 814 N.E.2d at 225, quoting Belmont Fire Protection District, 111 Ill.2d at 380, 95 Ill.Dec. 521, 489 N.E.2d at 1388. The classification must bear a rational relationship to the evil to be remedied and the purpose of the legislation. Village of Chatham, 351 Ill.App.3d at 899, 286 Ill.Dec. 566, 814 N.E.2d at 225.
"If any set of facts can be reasonably conceived that justifies distinguishing the class to which the statute applies from the class to which the statute is inapplicable, then the General Assembly may constitutionally classify persons and objects for the purpose of legislative regulation or control, and may enact laws applicable only to those persons or objects." In re Petition of the Village of Vernon Hills, 168 Ill.2d 117, 122, 212 Ill.Dec. 883, 658 N.E.2d 365, 367 (1995).
In effect, the disputed provision of section 22-45 of the Property Tax Code provides a remedy for residents of Cook County that it does not provide to residents of any other Illinois county. Cook County's treasurer oversees the second largest property tax collection and distribution system in the United States and collects $8 billion each year in taxes from the owners of more than 1.6 million parcels of property. See http://www.cookco untytreasurer.com (visited February 11, 2005) (Cook County treasurer website); see Ashley v. Pierson, 339 Ill.App.3d 733, 739-40, 274 Ill.Dec. 574, 791 N.E.2d 666, 671-72 (2003) (records from the Department of Corrections office are public records of which the appellate court may take judicial notice). Thus, in Cook County, a person challenging the issuance of a tax deed must deal with a vast bureaucracy, unlike in any other county in the state. Given the high volume of tax deeds processed in Cook County and the number of employees working for the Cook County treasurer, the legislature reasonably could have determined that the likelihood of an error occurring somewhere in the process was greater than in a smaller county. The legislature thus reasonably could have deemed it necessary to provide an additional avenue for seeking relief, including an extended deadline, when a tax deed was "effectuated pursuant to a negligent or willful error made by an employee of the *535 county clerk or county collector." 35 ILCS 200/22-45 (West 2002). Accordingly, we conclude that the population-based classification in section 22-45 is not arbitrary and does not violate constitutional equal-protection principles.

III. CONCLUSION
For the reasons stated, we affirm the trial court's judgment.
Affirmed.
APPLETON, J., concurs.
TURNER, J., specially concurs.
Justice TURNER, specially concurring:
I concur in the majority opinion, and I write separately only to address the majority's analysis regarding our lack of jurisdiction to consider respondent's appeal of the trial court's May 19, 2004, docket entry order. Although I agree with the majority that we are required to strictly apply Rule 272 (see In re Marriage of Nettleton, 348 Ill.App.3d 961, 966, 285 Ill.Dec. 19, 811 N.E.2d 260, 265 (2004) (the supreme court demands strict compliance with its rules governing appeal, and neither a trial court nor an appellate court has the authority to excuse compliance with the filing requirements of the rules)), I am impelled to voice my concern with the rule's strict application to the facts in this case.
Here, petitioner's counsel requested the trial court to enter a written order in substitution of the court's prior docket entry. The court agreed to do so and stated:
"We do need to enter an order. * * * We do need an order on this for appealing * * * [and] it shouldn't take too long * * * and then there would be an appeal mode, but we do need the order."
In my view, it is entirely understandable that respondent's counsel would have believed the 30-day period in which to appeal did not start to run until entry of the written order. Thus, while we are constrained to follow rules adopted by the supreme court, relaxation of Rule 272 under these facts appears appropriate. Accordingly, it would be in the interests of justice for the supreme court to consider respondent's argument if an appeal is taken or for the court to offer an appropriate amendment to Rule 272 to account for a situation where, as here, even the most wary practitioner would be beguiled.