ERIC B. BERG, Plaintiff-Appellant, v. JESSE WHITE, Secretary of State of Illinois, Defendant-Appellee.

Fourth District   No. 4—04—0269

Opinion filed May 12, 2005.

APPLETON, J., specially concurring.

Alan W. Cargerman, of Fearer, Nye, Ahlberg & Chadwick, of Oregon, for appellant.

Lisa Madigan, Attorney General, of Chicago (Gary S. Feinerman, Solicitor General, and Janon E. Fabiano, Assistant Attorney General, of counsel), for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

In May 2002, plaintiff, Eric B. Berg, petitioned defendant, Jesse White, the Secretary of State of Illinois, for rescission of an order revoking Berg's Illinois driver's license. In July 2002, White entered a final administrative decision denying Berg's petition.

In August 2002, Berg filed a complaint in the circuit court, seeking judicial review of White's decision. Following a June 2003 hearing, the court affirmed White's decision in a July 23, 2003, docket-entry order. A copy of the docket-entry order was mailed to White's counsel; however, a copy was not mailed to Berg's counsel.

In March 2004, soon after learning of the circuit court's July 23, 2003, order, Berg filed a motion for entry of a final order. Following a March 19, 2004, hearing on Berg's motion, the court entered a written order stating that the findings of fact and conclusions of law set forth in its July 23, 2003, docket-entry order were to be considered final for purposes of appeal as of March 5, 2004.

On March 24, 2004, Berg filed his notice of appeal. We dismiss this appeal for lack of jurisdiction.

## I. BACKGROUND

Berg's petition to rescind the revocation of his driving privileges was denied following a May 2002 hearing before a Secretary of State hearing officer. In July 2002, White issued a final administrative decision (1) adopting the hearing officer's findings of fact, conclusions of law, and recommendations and (2) denying Berg's petition for rescission of the order revoking his driving privileges.

In August 2002, Berg filed his complaint for administrative review in the circuit court. Following a June 2003 hearing on Berg's complaint, the court took the matter under advisement. A transcript of the June 2003 hearing is not included in the record.

On July 23, 2003, the circuit court entered a docket order affirming White's decision. That docket-entry order states as follows:

> "The [c]ourt having previously taken this matter under advisement finds that the exclusionary rule does not apply to an administrative hearing. The decision of the administrative law judge was not against the manifest weight of the evidence. The decision of the Secretary of State is affirmed. CAUSE STRICKEN. CLERK DIRECTED TO SEND COPY OF THIS DOCKET ENTRY TO ATTORNEYS OF RECORD."

On March 10, 2004, Berg's attorney filed a motion to enter a final order, in which he alleged the following: (1) a copy of the circuit court's July 23, 2003, docket order was neither mailed to nor received by him; (2) he was not aware that the court had entered an order on July 23, 2003, until February 19, 2004; and (3) the circuit clerk's failure to comply with the court's directive to mail its order to the attorneys of record prevented Berg from timely filing his notice of appeal. Berg requested that the court enter a new order providing that the July 23, 2003, order was final for purposes of appeal as of March 5, 2004 (the date Berg received a copy of the July 23, 2003, docket-entry order).

Following a March 19, 2004, hearing, the circuit court entered a written order, in which it made the following findings: (1) at the June 27, 2003, hearing, the court informed the parties that it was taking the matter under advisement and would have copies of its final decision mailed to counsel and (2) a copy of the court's July 23, 2003, order was mailed to White's attorney but a copy was not mailed to Berg's attorney. The court's order further stated that the findings of fact and conclusions of law set forth in its July 23, 2003, docket order were to be considered final for purposes of appeal as of March 5, 2004.

On March 24, 2004, Berg filed his notice of appeal from the circuit court's July 23, 2003, order.

## II. JURISDICTION

White argues that we must dismiss Berg's appeal for lack of jurisdiction. Specifically, he contends that Berg's March 24, 2004, notice of appeal was not timely filed because the circuit court entered its final order on July 23, 2003. Berg asserts that we have jurisdiction under *Graves v. Pontiac Firefighters' Pension Board*, 281 Ill. App. 3d 508, 667 N.E.2d 136 (1996), because (1) at the June 2003 hearing, the court told the parties that it would notify counsel of its ruling by mail and (2) he did not receive a copy of the order until March 5, 2004. We agree with White.

■ Supreme Court Rule 303(a)(1) provides as follows:

"Except as provided in paragraph (b) below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post[ ]trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending post[ ]judgment motion." 155 Ill. 2d R. 303(a)(1).

Compliance with the deadlines for appeals set forth in Supreme Court Rule 303 is mandatory and jurisdictional. *In re S.J.*, 289 Ill. App. 3d 430, 431, 682 N.E.2d 444, 445 (1997). In *Mitchell v. Fiat-Allis, Inc.*, 158 Ill. 2d 143, 148, 632 N.E.2d 1010, 1011-12 (1994), our supreme court considered and rejected the argument that Rule 303(a)'s 30-day period in which to appeal is tolled until the parties have actual notice of the trial court's final order. This case falls squarely under *Mitchell*.

In *Mitchell*, the trial court signed its order disposing of the case on February 27, 1991. The order was file stamped March 1, 1991, and included directions to the clerk of the circuit court to send a copy of the order to the attorneys of record. *Mitchell*, 158 Ill. 2d at 146, 632 N.E.2d at 1010. On April 25, 1991, Mitchell's counsel learned that the court had entered a ruling in the case. After conferring with opposing counsel and the court, Mitchell's counsel filed a petition under section

2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401) to withdraw or vacate the February 27, 1991, order. On April 29, 1991, the court granted Mitchell's petition, withdrew the judgment dated February 27, 1991, and reentered the same order, effective April 29, 1991. *Mitchell*, 158 Ill. 2d at 146-47, 632 N.E.2d at 1010-11. Mitchell filed a timely notice of appeal of that order, and the Industrial Commission Division of the appellate court upheld jurisdiction and considered Mitchell's appeal on the merits. *Mitchell*, 158 Ill. 2d at 147, 632 N.E.2d at 1011.

The supreme court reversed, concluding that the appellate court "improvidently took jurisdiction over Mitchell's appeal." *Mitchell*, 158 Ill. 2d at 148, 632 N.E.2d at 1012. In so concluding, the court reiterated its holding in *Granite City Lodge No. 272, Loyal Order of the Moose v. City of Granite City*, 141 Ill. 2d 122, 123, 565 N.E.2d 929, 929 (1990), that " 'actual notice [of the trial court's judgment] is not required, so long as the order appealed from was expressed publicly, in words and at the situs of the proceeding.' " *Mitchell*, 158 Ill. 2d at 148, 632 N.E.2d at 1012. An order is deemed to have become public when it is filed with the clerk of the court (*Granite City*, 141 Ill. 2d at 127, 565 N.E.2d at 931), and "Rule 303 requires attorneys to monitor their cases to insure that appeals are timely filed" (*Mitchell*, 158 Ill. 2d at 150, 632 N.E.2d at 1013).

The *Mitchell* court also emphasized that trial courts lack the authority to extend the time for filing a notice of appeal. *Mitchell*, 158 Ill. 2d at 149, 632 N.E.2d at 1012. The court explained, in part, as follows:

> "The appellate court expressed concern over the unfairness of penalizing the litigant because his attorney relied on the circuit court's incorrect directive. We are not insensitive to the concern expressed by the appellate court in the instant case. However, this court has general supervisory authority to oversee the administration of its own rules in the statewide system of courts. The circuit court's attempt in the instant case to assist Mitchell's counsel is understandable and well-intentioned, but neither the trial court nor the appellate court has the 'authority to excuse compliance with the filing requirements of the supreme court rules governing appeals.' " *Mitchell*, 158 Ill. 2d at 150, 632 N.E.2d at 1012, quoting *In re Smith*, 80 Ill. App. 3d 380, 382, 399 N.E.2d 701, 702 (1980).

Despite *Mitchell*'s strong language, this court deviated from its holding in *Graves*. In that case, which involved a firefighter and a firefighters' pension board, the trial court entered an April 8, 1995, order stating that the court had taken the matter under advisement and would rule by mail. On June 20, 1995, the court entered its final order

on the merits; however, due to an oversight, neither party received a copy of the court's judgment. When the court learned that its order had not been sent to counsel, it entered a new order acknowledging its oversight and providing that the June 20, 1995, order would be final for purposes of appeal as of August 21, 1995, the date that copies of the order were mailed to counsel. *Graves*, 281 Ill. App. 3d at 516, 667 N.E.2d at 141. The pension board's appeal followed.

This court concluded that we had jurisdiction over the pension board's appeal. In so doing, we distinguished the case from *Mitchell* on the basis that the trial court had entered an order "expressly providing that it would rule by mail." *Graves*, 281 Ill. App. 3d at 516, 667 N.E.2d at 141. We thus concluded that the trial court's order was not final for purposes of appeal until it was mailed on August 21, 1995. *Graves*, 281 Ill. App. 3d at 516, 667 N.E.2d at 141.

■ We are no longer convinced that *Graves* is consistent with supreme court rules and *Mitchell*. "A final order or judgment is a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties to the litigation." *Physicians Insurance Exchange v. Jennings*, 316 Ill. App. 3d 443, 450, 736 N.E.2d 179, 185 (2000). As to when a judgment actually becomes final, we look to (1) the supreme court's holdings that orders are final when publicly expressed (see *Granite City*, 141 Ill. 2d at 127, 565 N.E.2d at 931) and (2) Supreme Court Rule 272 (137 Ill. 2d R. 272). Rule 272 provides precisely when a judgment becomes "final" as follows:

> "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by the judge or if a circuit court rule requires the prevailing party to submit a draft order, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record." 137 Ill. 2d R. 272.

We are not aware of any provision within the supreme court rules allowing for a final order to be considered final for purposes of Supreme Court Rule 303 upon being mailed to the parties (or their counsel). Indeed, the *Mitchell* court categorically rejected that idea. Although *Mitchell* has been widely cited for its holding that an attorney is responsible for monitoring his cases, the basis for the court's reversal was the trial court's lack of jurisdiction to reenter its order upon counsel's motion filed more than 30 days after the court's final order. On that point, the *Mitchell* court wrote as follows:

"The 'mistake' in the instant case was the belief of the circuit court and Mitchell's counsel that a motion to vacate the judgment order, more than 30 days after its entry, was a valid means by which the circuit court could reenter the same order and thereby start a new 30-day period in which to file notice of appeal." *Mitchell*, 158 Ill. 2d at 151, 632 N.E.2d at 1013.

The same "mistake" occurred in this case. Although Berg's motion was entitled "motion for final order," its purpose was to obtain the same effect as Mitchell's motion to withdraw or vacate. Just as the trial court in *Mitchell* lacked authority to vacate and reenter its order more than 30 days after it had been entered, the circuit court here lacked authority to do so. As the supreme court wrote in *Mitchell*, 158 Ill. 2d at 150, 632 N.E.2d at 1012, "neither the trial court nor the appellate court has the 'authority to excuse compliance with the filing requirements of the supreme court rules governing appeals.' [*Smith*, 80 Ill. App. 3d at 382, 399 N.E.2d at 702.]"

■ We further note that attorneys are not excused from following the filing requirements of Rule 303 merely because a judge has recommended a procedural route—for example, that it will rule "by mail"—that lies beyond the judge's authority to follow. *Mitchell*, 158 Ill. 2d at 150, 632 N.E.2d at 1013; see also *Martin v. Cajda*, 238 Ill. App. 3d 721, 728, 606 N.E.2d 566, 571 (1992) ("a trial court's misapprehension of the law [will not] allow an appellant to file his notice of appeal more than 30 days after the trial court issues what actually constitutes a final order").

Finally, we find support for our holding that a trial court cannot later change the date of its final order in this court's recent decision in *In re Application of the County Treasurer & ex officio County Collector*, 356 Ill. App. 3d 1102 (2005). In that case, we held that (1) a trial court's order disposing of a case or posttrial motion is a final appealable order when it is entered of record unless the court indicates, *at the time of rendering judgment*, that a written order is required (or a circuit court rule requires a written draft order) and (2) absent any such indication, the court lacks the authority to deem a subsequent written order the final order for the purpose of calculating the time in which a notice of appeal may be filed under Supreme Court Rule 303. *Application of the County Treasurer*, 356 Ill. App. 3d at 1108.

## III. CONCLUSION

For the reasons stated, we dismiss this appeal.

Appeal dismissed.

TURNER, J., concurs.

JUSTICE APPLETON, specially concurring:

I write separately to state that while I agree this case is factually square with *Mitchell* and with other decisions of this court (see, *e.g.*, *Pappas v. Waldron*, 323 Ill. App. 3d 330, 337, 751 N.E.2d 1276, 1281 (2001)), the analyses employed here and by the supreme court in *Mitchell* permit an injustice that should not be allowed to stand.

It is common, especially in cases such as this, where somewhat arcane points of law, *i.e.*, the application of the exclusionary rule to administrative hearings, are at issue and require the circuit court to conduct research for itself. In such circumstances, it is impossible for the court to pronounce judgment while the parties and counsel are physically present. The responsibility for the justice and integrity of our system then must rest solely on a clerk's or secretary's ability to follow a directive. As a result, the preservation of a litigant's right to appeal depends on that clerk or secretary (most probably the least trained in the justice system) to ensure that a final order is communicated.

When, as here, that responsibility is not met, an overwhelming unfairness occurs in the punishment. An innocent party is deprived of a substantial right by the dismissal of his appeal. Although reliance on the strict language of the supreme court rules is intended to promote justice, such reliance has the opposite effect here. To avoid a callow response to strict construction, the rules should be changed to require the mailing of final orders by certified mail with the determination of finality delayed until the party's receipt of the order.