No. 2--07--0620     Filed: 11-9-09

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| CHERYL A. HEIDEN and AMELIA HEIDEN, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| DNA DIAGNOSTICS CENTER, INC., | ) ) | No. 04--LA--266 |
| Defendant and Third-Party Plaintiff-Appellee | ) ) ) | |
| (Northern Illinois Clinical Laboratory, Ltd., and Gemma Ledesma, Third-Party Defendants). | ) ) ) | Honorable Maureen P. McIntyre, Judge, Presiding. |

JUSTICE BURKE delivered the opinion of the court:

Plaintiffs, Cheryl A. Heiden and Amelia Heiden, appeal the judgment of the circuit court of McHenry County, which granted summary judgment in favor of defendant, DNA Diagnostics Center, Inc. (the Center). We dismiss the appeal for lack of jurisdiction.

FACTS

On February 24, 1999, Cheryl, on her own behalf and on behalf of her then-minor daughter, Amelia, filed a petition against Craig H. Ottinger, who is not a party to this appeal, to determine the existence of a father-child relationship pursuant to the Illinois Parentage Act of 1984 (Act) (750 ILCS 45/1 et. seq. (West 1998)). Cheryl claimed that Craig was the natural father of Amelia, and she asked

the court to find that he was the natural father and to order him to pay a sum certain for Amelia's support. On October 4, 2000, the trial court entered an agreed order for the parties to submit to blood tests to be conducted by the Center. In 2001, the Center tested an unlabeled vial of blood, which it presumed was Craig's, and the results excluded Craig as the father. However, blood tests taken in 1987 had revealed that there was a 99.93% chance that Craig was the father. The trial court granted Craig's motion for summary judgment, declaring that he was not the biological father of Amelia. We reversed the order granting summary judgment to Craig and remanded the cause for further proceedings (Heiden v. Ottinger, No. 2--02--1331 (2003) (unpublished order under Supreme Court Rule 23)), finding, in part, that the 1987 blood test raised a material issue of fact regarding the reliability of the 2001 blood test. Heiden, slip op. at 10. We also observed that the failure to label Craig's blood vial raised questions regarding the reliability of the chain of custody with respect to the 2001 blood test. Heiden, slip op. at 11.

The present lawsuit arises out of the Center's agreement with Cheryl to perform the 2001 blood test. Third-party defendant, Northern Illinois Clinical Laboratory, Ltd. (NICL), drew blood from plaintiffs and Craig at different sites and mailed the samples to the Center in Ohio for testing. Plaintiffs sued the Center based on the failure to properly label the sample purported to be Craig's. Plaintiffs sued the Center under various legal theories, including breach of agreement. The Center filed a third-party complaint against NICL and Gemma Ledesma, seeking contribution and indemnity. The Center also moved for summary judgment on plaintiffs' complaint.

On April 13, 2007, the trial court entered a final and appealable order that granted the Center summary judgment on the claim in plaintiffs' third amended complaint. The order stated that it was a final and appealable order and that no just cause existed to delay its enforcement or appeal pursuant

to Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)). During the hearing, the court expressly stated that the Center's third-party complaint also was resolved, and NICL and Ledesma are not parties to this appeal.

On May 14, 2007, plaintiffs filed a "Motion to Reconsider Court Order of April 13, 2007, and For Clarification of said Order." Plaintiffs' motion requested that the court amend its April 13 order to expressly reflect that it also disposed of the Center's third-party complaint, although the trial court already had ruled on this precise issue during the hearing on the motion for summary judgment. The substance of plaintiffs' motion did not request a rehearing or reconsideration regarding the summary judgment entered on behalf of the Center. In their prayer for relief, plaintiffs "requested that [the trial court] enter an Order reconsidering its Order of April 13, 2007[,] and/or clarifying its said Order, reflecting [the trial court's] written disposition of the Third Party Complaint herein." (Emphasis in original.)

At the hearing on plaintiffs' motion, the trial court explained that the matter had been addressed at the hearing on April 13, and "since it was a third party contribution action[,] it fell on its own because there was nothing independent, no independent cause of action that would stand alone against [NICL and Ledesma]."

In response to the court's concern whether the motion was filed within 30 days of the order, plaintiffs' counsel stated that it had been and that it was "a motion to clarify the order." The Center's counsel suggested that plaintiffs' motion was "a motion to reconsider I guess." Plaintiffs' counsel responded, "It's a motion to clarify, Judge." The Center's counsel noted for the record that there was no argument in the motion that the trial court erred with respect to summary judgment; that the motion "is complaining that there is no affirmative language in the order that disposed of the third

party claim." The Center's counsel wondered if there were adequate grounds to bring a motion to reconsider. He commented that a motion for reconsideration of summary judgment should argue that there was an error made with respect to the ruling itself. The Center's counsel stated: "This ruling, I guess, it's titled a motion to reconsider, but it's asking for clarification." The trial court agreed that the motion was "not truly a motion to reconsider, *** calling it a clarifying [motion]." On May 22, 2007, the trial court entered an order denying plaintiffs' motion.

On June 20, 2007, plaintiffs filed their notice of appeal. The Center moved to dismiss the appeal as untimely under Supreme Court Rule 303(a)(1) (210 Ill. 2d R. 303(a)(1)) because the notice of appeal was filed more than 30 days after the entry of the judgment. The Center argued that plaintiffs' motion requesting the court to enter an order "reconsidering its Order of April 13, 2007 and/or clarifying its said Order, reflecting this Honorable Court's written disposition of the Third Party Complaint" was not a motion to reconsider but a motion to clarify, which did not qualify as a proper postjudgment motion that would toll the 30-day period to file an appeal, and that therefore this court was without jurisdiction. Plaintiffs responded that their motion met the parameters of section 2--1203(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2--1203(a) (West 2008)) and based on Kingbrook, Inc. v. Pupurs, 202 Ill. 2d 24 (2002), qualified as a proper postjudgment motion because the title of the motion included the word "reconsider" and because the prayer for relief requested that the trial court enter an order reconsidering the April 13, 2007, order.

We granted the Center's motion, and the appeal was dismissed on November 21, 2007. Plaintiffs filed a motion to reconsider the dismissal and the Center responded. Thereafter, we allowed the motion to reconsider and reinstated the appeal.

ANALYSIS

Before explaining why this appeal must be dismissed, we observe that, although we allowed the motion to reconsider and reinstated the appeal, we may reconsider the matter at any time before we dispose of the case. See First Bank v. Phillips, 379 Ill. App. 3d 186, 199 (2008).

A timely notice of appeal is jurisdictional. In re Marriage of Singel, 373 Ill. App. 3d 554, 556 (2007). Rule 303(a)(1) governs when a notice of appeal must be filed in a civil case. Under Rule 303(a)(1), a party generally must file an appeal no more than 30 days after the entry of the final order. Rule 303(a)(1) also provides that the timely filing of a motion directed against the judgment defers the running of the 30 days, and the deadline for filing a notice of appeal is then 30 days from the resolution of the last timely and proper postjudgment motion. 210 Ill. 2d R. 303(a)(1); In re Estate of Russell, 372 Ill. App. 3d 591, 594 (2007). Plaintiffs filed their notice of appeal on June 20, 2007, more than two months after the entry of the April 13, 2007, order, so their appeal could be timely only if they filed it within 30 days of the resolution of a timely and proper motion directed against the final judgment.

Plaintiffs' appeal was untimely because they did not file a postjudgment motion that extended the time for filing their notice of appeal under Rule 303(a)(1). A postjudgment motion extends the time for filing a notice of appeal under Rule 303(a)(1) only when it seeks rehearing, retrial, modification or vacation of the judgment, or other similar relief. See Marsh v. Evangelical Covenant Church of Hinsdale, 138 Ill. 2d 458, 462 (1990) (a proper postjudgment motion within the meaning of Rule 303(a)(1) must be "directed against the judgment"). After the trial court granted summary judgment to the Center, plaintiffs filed a motion requesting that the trial court amend its order to expressly reflect that the order also disposed of the Center's third-party complaint. Plaintiffs' request was not for a modification of the judgment, as the trial court had already ruled on the issue. For

purposes of Rule 303(a)(1), a motion for modification of the judgment must challenge the judgment, not simply request modification of the language of the judgment. See Russell, 372 Ill. App. 3d at 594; Giammanco v. Giammanco, 253 Ill. App. 3d 750, 755 (1993) (holding that a motion for clarification is not a proper postjudgment motion because it is not directed against the judgment). Plaintiffs' motion did not request a rehearing or substantive reconsideration regarding the summary judgment and did not provide any basis for reconsideration of the summary judgment. The request to modify the language of the order thus was not a request to modify the judgment, and it did not extend the time for appeal under Rule 303(a)(1). Plaintiffs' appeal was thus untimely, and we must dismiss it.

In response to the motion to dismiss, plaintiffs relied on Kingbrook and argued that their postjudgment motion was proper because the title and the prayer for relief indicated that plaintiffs sought both reconsideration and clarification of the judgment. In Kingbrook, the plaintiff filed a document titled "Motion For Reconsideration." The body of that document read, in its entirety, as follows:

> " 'N[ow comes] the plaintiff, K[ingbrook, Inc.], an Illinois corporation, by and through its attorneys, B[arrick], S[witzer], L[ong], B[alsley] & V[an Evera], and hereby moves the Court to reconsider its decision granting severing [ sic] judgment in favor of the Defendants.' " Kingbrook, 202 Ill. 2d at 26-27.

The issue there concerned the sufficiency of the motion and whether a postjudgment motion must present some detail or argument to toll the time to appeal. The supreme court found no basis for a specificity requirement in the plain language of the Code or the supreme court rules. Kingbrook, 202 Ill. 2d at 31. While specificity is not required, the present case "presents a step beyond

Kingbrook," where plaintiffs presented a "motion with considerable detail." Muirfield Village-Vernon Hills, LLC v. K. Reinke, Jr. & Co., 349 Ill. App. 3d 178, 185 (2007).

In Muirfield, another case upon which plaintiffs rely, the substance of the plaintiffs' motion "to reinstate" and for "leave to file an amended complaint" sought only leave to file a fourth amended complaint. Muirfield, 349 Ill. App. 3d at 185. Ordinarily we would not find such a motion directed at the judgment for purposes of qualifying as a postjudgment motion. Muirfield, 349 Ill. App. 3d at 185. However, in addition to requesting leave to amend their complaint, the plaintiffs also specifically requested that the trial court reinstate their cause of action. Muirfield, 349 Ill. App. 3d at 185. We interpreted the request to reinstate their cause to be a request to modify or vacate the trial court's judgment of dismissal with prejudice, thus allowing the cause to continue. Muirfield, 349 Ill. App. 3d at 185. The plaintiffs sought to reinstate their cause so that they could file an amended complaint.

In both Kingbrook and Muirfield, the issue concerned the specificity of the motion and whether the filer was required to explain what he or she sought from the court and how and why the judgment should be modified. Here, the question is whether plaintiffs sought any modification of the judgment at all. Although the caption and the prayer for relief requested that the court enter an order "reconsidering its Order of April 13, 2007[,] and/or clarifying its said Order," we do not interpret the request to be directed against the judgment. Plaintiffs' motion did nothing more than request the court to reconsider its order to reflect the court's oral finding regarding the third-party complaint.

Two post-Kingbrook cases have addressed the precise issue presented in this case. In In re County Treasurer & County Collector, 356 Ill. App. 3d 1102 (2005), the petitioner's postjudgment motion to reconsider asked the trial court to reconsider and strike factual findings. The appellate

court held that this postjudgment motion asked the court to reconsider two factual findings and did not challenge the trial court's judgment. In re County Treasurer, 356 Ill. App. 3d at 1109. In Shutkas Electric, Inc. v. Ford Motor Co., 366 Ill. App. 3d 76, 81-82 (2006), the plaintiff's postjudgment motion was titled " 'Motion to Modify Order Entered February 24, 2005[,] Pursuant to 735 ILCS 5/2--1205.' " However, the relief requested in the body of the motion asked the trial court to add a party plaintiff and for leave to file a second amended complaint. The appellate court found that the motion did not qualify as a proper motion under section 2--1203, because " '[t]he nature of a motion is determined by its substance rather than its caption.' " Shutkas, 366 Ill. App. 3d at 81, quoting J.D. Marshall International, Inc. v. First National Bank of Chicago, 272 Ill. App. 3d 883, 888 (1995).

The dissent attempts to distinguish In re County Treasurer because the opinion paraphrased the motion as a motion to reconsider. The court stated, "Craig's August 20, 2004, motion to reconsider asked the court to reconsider and strike two factual findings included in the court's August 13, 2004, order *** ." In re County Treasurer, 356 Ill. App. 3d at 1109. It is clear that the motion requested reconsideration, but the appellate court, in examining the substance of the motion, determined that the motion was not directed against the judgment.

As to Shutkas, the dissent contends that the appellate court could consult the body of the motion because it was captioned a motion to "modify" as opposed to a motion to "reconsider." Slip op. at 13. The dissent reasons that "[a] request for 'modification,' without more, does not bring a motion within the ambit of Rule 303(a)(1)." Slip op. at 13. To toll the time for appeal, a postjudgment motion must request at least one of the forms of relief specified in section 2--1203 of the Code (735 ILCS 5/2--1203 (West 2008)), namely rehearing, retrial, modification, vacation, or

other relief directed against the judgment. In re Marriage of Valkiunas, 389 Ill. App. 3d 965, 968 (2008), citing Vanderplow v. Krych, 332 Ill. App. 3d 51, 53 (2002). If the caption of a motion to reconsider controls over the substance of that motion, as the dissent maintains, it is difficult to discern why the substance of a motion to modify would control over its caption.

Although the caption and the prayer for relief of the motion in this case request reconsideration, the substance of the motion asks only for clarification of the court's earlier ruling as it related to the third-party complaint.

For the foregoing reasons, the appeal from the judgment of the circuit court of McHenry County is dismissed.

Appeal dismissed.

McLAREN, J., concurs.

JUSTICE O'MALLEY, dissenting:

I believe that, under Kingbrook and its application in Muirfield, plaintiffs' "Motion to Reconsider Court Order of April 13, 2007, and For Clarification of said Order" was a proper postjudgment motion for purposes of Rule 303(a)(1). In Muirfield, as here, the substance of the motion belied its caption and prayer for relief, but that did not change the character of the motion for purposes of Rule 303(a)(1).

In Muirfield, the motion was captioned a motion to reinstate the plaintiffs' cause of action and for leave to file an amended complaint. The prayer for relief likewise requested both leave to file an amended complaint and reinstatement of the plaintiffs' cause of action. We determined that a request to reinstate a cause of action is "directed against the judgment" for purposes of Rule 303(a)(1). Muirfield, 349 Ill. App. 3d at 185. We also found it immaterial that the request was bare and

undeveloped. We reasoned that, if (as <u>Kingbrook</u> held) a one-sentence motion requesting reconsideration of a judgment but specifying no grounds whatsoever qualifies as a postjudgment motion, then a similarly unadorned request for reinstatement of a cause of action also must qualify as a postjudgment motion. <u>Muirfield</u>, 349 Ill. App. 3d at 185-86. We noted that "substantively," however, the motion sought only leave to file an amended complaint. See <u>Muirfield</u>, 349 Ill. App. 3d at 185. This additional content, we concluded, did not disqualify the filing as a postjudgment motion:

> "[I]t would be contrary to the supreme court's intent in <u>Kingbrook</u> to hold that a motion with no detail but requesting the appropriate relief is sufficient to toll the 30-day time period, while a motion with plenty of irrelevant detail requesting the same relief is insufficient to qualify as a postjudgment motion. We will not penalize plaintiffs for incorporating more than they needed to in the motion, where they have at least requested the appropriate relief specified in section 2--1203(a) of the Code." <u>Muirfield</u>, 349 Ill. App. 3d at 186.

To put it otherwise: Given that neither Supreme Court Rule 303(a)(1) nor section 2--1203(a) of the Code imposes any content requirement, whatever content is added to a motion that contains an otherwise sufficiently phrased request for relief cannot detract from that motion's nature as a postjudgment motion.

The logic of <u>Muirfield</u> applies irresistibly here. Plaintiffs' motion was captioned a motion to "reconsider" and for "clarification," and the prayer for relief likewise sought "reconsider[ation] *** and/or clarif[ication]." The request for reconsideration, like the request for reinstatement in <u>Muirfield</u>, was sufficiently directed against the judgment. See <u>Kingbrook</u>, 202 Ill. 2d at 27 (single-sentence motion asking the court " 'to reconsider its decision granting [summary] judgment in favor

of the Defendants' " qualified as a postjudgment motion). Here, as in Muirfield, there was additional content in which the relief sought--clarification--was not directed against the judgment. See Giammanco, 253 Ill. App. 3d at 755. No more here than in Muirfield, however, could such additional content lift the motion out of the scope of Rule 303(a)(1).

The majority unsuccessfully attempts to distinguish Muirfield. The majority suggests that, in both Kingbrook and Muirfield, "the issue concerned the specificity of the motion and whether the filer was required to explain what he or she sought from the court and how and why the judgment should be modified." Slip op. at 7. "Here," the majority remarks, "the question is whether plaintiffs sought any modification of the judgment at all." Slip op. at 7. I do not see the distinction. The central question in Muirfield was not whether the request for clarification failed for want of specificity but whether the additional content in the motion disqualified it as a postjudgment motion. Hence our comment that the case presented "a step beyond Kingbrook." Muirfield, 349 Ill. App. 3d at 185. As for the question of "whether plaintiffs sought any modification of the judgment at all," the majority overlooks Muirfield's logic and lets the body of plaintiffs' motion override the prayer for relief, which, because it seeks "reconsider[ation]" as an alternative to "clarifi[cation]," brings this case squarely under Kingbrook.

This conclusion is not undermined by either In re County Treasurer or Shutkas. In In re County Treasurer, the petitioner, Craig, was issued a tax deed for the respondent's, Brown's, property. Brown moved to vacate the tax deed and to have certain provisions of the property tax code declared unconstitutional. Craig filed a response to the motion to vacate and also moved for summary judgment on the constitutional issue. The trial court granted Craig's motion. In re County

Treasurer, 356 Ill. App. 3d at 1104-06. Craig thereafter filed a motion whose only description in the disposition was as follows:

> "Craig's August 20, 2004, motion to reconsider asked the trial court to reconsider and strike two factual findings included in the court's August 13, 2004, order--namely, that (1) the 'verified motion to vacate the tax deed establishes [Brown's] equitable ownership of the subject premises' and (2) '[Brown] attempted to redeem the property but was prevented from doing so.' " In re County Treasurer, 356 Ill. App. 3d at 1109.

The court concluded that "Craig's August 20, 2004, motion did not challenge the trial court's judgment." In re County Treasurer, 356 Ill. App. 3d at 1109.

In re County Treasurer presents interpretive problems because the motion is only paraphrased in the decision. I assume the interpretation that renders the case consistent with Kingbrook. That is, I assume that the difference in those cases outcomes lies in whether and how the plea for reconsideration in each case was tempered. In Kingbrook, the plea for reconsideration was general and unspecified. In In re County Treasurer, as I interpret it, there never was a plea for "reconsideration" that was distinguishable from a request for striking certain factual findings that were nonessential to the judgment. Indeed, given that Craig was the prevailing party, he hardly would have been expected to make a more substantive attack on the judgment.

In contrast, it was the nonprevailing party in this case who made the motion, as in Kingbrook. Moreover, the "reconsideration" sought was not clearly identical to the "clarification" sought. Rather, the "reconsideration" and "clarification" were pleaded alternatively in the prayer for relief.

Shutkas also is distinguishable. The motion (brought by the nonprevailing party) in Shutkas was captioned a motion to " '[m]odify' " and the appellate court consulted the "body" of the motion

for further clues as to its substance, ultimately concluding that the motion sought leave to add a party plaintiff and file a second amended complaint, neither of which requests amounted to relief directed against the judgment. Shutkas, 366 Ill. App. 3d at 81. The court's further inquiry was justified. A request for "modification," without more, does not bring a motion within the ambit of Rule 303(a)(1). See Giammanco, 253 Ill. App. 3d at 755, quoting Marsh, 138 Ill. 2d at 461 ("even where a motion seeks to modify the judgment, it does not constitute a post-trial motion within the meaning of [Rule 303(a)(1)] unless it is 'directed against the judgment' "). In Shutkas, as in In re County Treasurer, the appellate court only paraphrased the "body" of the motion. I presume that the motion in Shutkas never used the word "reconsider," "reconsideration," or like language, otherwise the court would have had to examine whether that request for reconsideration had any immediate qualification, as I presume the request in In re County Treasurer had. In In re County Treasurer (at least, on the reading I believe is consistent with Kingbrook), the request for reconsideration was never presented but as a request for the striking of certain factual findings. Here, by contrast, the motion in at least one place suggested that the reconsideration sought was not identical to the clarification sought.

The majority believes that Kingbrook and Muirfield allow a court to take the full measure of a motion in order to test whether it really is, as it states, a motion to "reconsider" or for "reconsideration." In fact, Kingbrook and Muirfield together hold that, where a motion requests "reconsideration" and such request is not immediately qualified, as in In re County Treasurer, in such a way that it is obvious that the request is actually for relief (such as clarification) that is not against the judgment, then whatever additional substance the motion contains cannot lift it out of the scope of Rule 303(a)(1). See R&G, Inc. v. Midwest Region Foundation for Fair Contracting, Inc., 351 Ill. App. 3d 318, 325 (2004) (noting in dicta that, under Kingbrook, counsel could have "avoid[ed] the

jurisdictional hurdle" by "add[ing] a tag line to the motion to clarify requesting rehearing").  The motion at hand contained a request for "reconsideration" that was not obviously tantamount to "clarification," and so, under <u>Kingbrook</u> and <u>Muirfield</u>, the motion was a postjudgment motion per Rule 303(a)(1).