Rule 23 order filed
June 11, 2019.
Motion to publish granted
June 25, 2019.

2019 IL App (5th) 180024

NO. 5-18-0024

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 16-CF-200 |
| | ) | |
| MARK D. WILLIAMS, | ) | Honorable |
| | ) | Ralph R. Bloodworth III, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court, with opinion
Presiding Justice Overstreet and Justice Chapman concurred in the judgment and opinion.

**OPINION**

¶ 1    On May 18, 2016, the defendant-appellee, Mark D. Williams, was charged with six counts of unlawful use of weapons by a felon (720 ILCS 5/24-1.1(a) (West 2016)) and one count of possession of a defaced firearm (*id.* § 24-5(b)). On September 26, 2016, the defendant filed a motion to suppress evidence, arguing that the consent given to the police to search the apartment in which the firearms were discovered was invalid because it was a product of coercion and undue influence by law enforcement. Specifically, he asserted that Sharleah Williams, the resident of the apartment, was coerced into her consent to the search of her residence and that no other exception to the fourth amendment's warrant requirement existed to permit the search.

¶ 2    A hearing was held on the motion over three court dates, on December 9, 2016, January 27, 2017, and March 3, 2017. Testimony was adduced at the hearing from Illinois Department of

1

Corrections officials; Murphysboro police officers; the defendant's girlfriend, Sharleah Williams; and the defendant.

¶ 3    On April 21, 2017, the defendant filed a memorandum of law in support of his motion to suppress evidence. He reiterated his argument that the police had coerced Sharleah Williams into giving consent to search her apartment.

¶ 4    On May 22, 2017, the trial court entered an order granting the motion to suppress evidence. It stated that it had considered "the original motion, arguments and briefs, if any, \*\*\* as well as testimony and evidence presented during the course of the hearings" and concluded that the defendant's motion "should be and is hereby granted."

¶ 5    A hearing was held on May 26, 2017. The State noted that the trial court had ruled on the defendant's motion to suppress without considering its memorandum in opposition to the motion, which it "would have intended to file" but had not yet been filed. It also stated its intention to file a motion for specific findings "within the next day or two," and then, once the court had issued that, it would file a motion to reconsider "that could probably be done within a week or two." The court advised the State to "file what you need to in the case and we'll reconsider the situation if needed."

¶ 6    On June 6, 2017, the State filed a motion for specific findings, which requested that the trial court clarify its previous order. It stated:

"1.    That on or about May 23, 2017, your movant received a court's order which was filed May 22, 2017, granting the defendant's Motion to Suppress.

2.    The People's intent is to file a Motion to Reconsider this Order.

3.    However, this order contains no finding of fact nor law nor legal authority upon which this court's decision was made.

4.    This lack of information in the Order makes it difficult for the People to determine upon what basis this court made its decision and inhibits the People in its preparation of a Motion to Reconsider.

2

Wherefore, the People pray this court prepare an Amended Order which includes particular findings of fact regarding the various issues which were raised and upon which evidence was heard as well as any legal authority for the court's decision in this case."

¶ 7 A case management conference was held on June 19, 2017. The State noted that it intended to file a motion to reconsider the trial court's ruling on the motion to suppress but "would like to have specific findings of fact in law so that we can put together a motion to reconsider based upon the Court's finding in the case." The court then explained to the defendant:

"[T]he situation is [the State] filed a motion asking that specific findings of fact be put into the Court's ruling regarding the previous motion that I ruled on. Since [it] filed the motion I'll take a look at it, and what I'll do is set this over for another case management conference at this point in time. Depending on what happens with that and anything else that might be filed, that will affect where we go from here with your case."

¶ 8 On July 26, 2017, the trial court entered an order detailing the procedural history of the case and its factual findings. The trial court did not set out a legal basis for its ruling but stated that "[b]ased upon and after considering all of the foregoing facts, the Court granted the Defendant's Motion."

¶ 9 On August 24, 2017, the State filed a motion to reconsider the court's order granting the defendant's motion to suppress evidence. The defendant responded on December 8, 2017, arguing that the State's motion to reconsider was untimely because it was made after 30 days elapsed from the date of the order it sought to reconsider, and its 30-day window closed on June 21, 2017. He argued that the court's order was a final and appealable order, and the State's motion for specific findings did not toll the time period for it to file its motion to reconsider or notice of interlocutory appeal.

¶ 10 On December 29, 2017, the trial court denied the State's motion to reconsider. It set out the procedural history of the case. In relevant part, it stated:

3

"The Court granted the Defendant's Motion *** by written Order issued on May 22, 2017. *** Subsequent to the Court granting the Defendant's Motion *** the State requested that the Court make specific findings of fact by Motion filed June 6, 2017. The State filed the Motion for specific findings of fact for purposes of filing a Motion to Reconsider.

The Court issued written specific findings of fact on July 26, 2017. The State then filed a Motion to reconsider this Court's previous ruling on August 24, 2017. The case was set for case management conference on August 28, 2016 [*sic*] and then reset for a second case management conference on November 13, 2017. On that date the Defendant requested and was granted time to respond to the State's Motion to reconsider. The Defendant filed a response to the State's Motion to reconsider on December 8, 2017.

This court has now had the opportunity to review all of the pleadings and briefs. After having had the opportunity to do so and considering the same the Court hereby respectfully finds and orders that the State's Motion to reconsider this Court's prior order should be and is hereby respectfully denied."

¶ 11    On January 10, 2018, the State filed a notice of appeal and certificate of impairment.

¶ 12    At the outset, we must address the jurisdictional arguments of the parties, as a reviewing court has a duty to consider its jurisdiction. *People v. Smith*, 228 Ill. 2d 95, 104 (2008).

¶ 13    Our Illinois Supreme Court has determined that the State is barred from retrying issues previously considered by the trial court in a suppression order when the State did not timely appeal that order. *People v. Taylor*, 50 Ill. 2d 136, 140 (1971). To avoid application of the *Taylor* rule's bar, a party seeking review of an order appealable under Illinois Supreme Court Rule 604(a)(1) (eff. Mar. 8, 2016) must timely appeal or file a motion to reconsider within 30 days. *People v. Holmes*, 235 Ill. 2d 59, 67 (2009).[1] Therefore, the State was required to file a motion to reconsider or a notice of appeal if it wished to challenge the trial court's ruling on the defendant's motion to suppress; if the State does not file a motion to reconsider within 30 days,

---

[1]*Holmes* recognized an exception to the *Taylor* rule that allows review when there is a material change in the facts that, with due diligence, could not have been presented during previous proceedings. See *Holmes*, 235 Ill. 2d at 67. However, the State does not argue, and we found no evidence in support of, a material-change exception in this case.

4

the trial court loses its jurisdictional ability to reverse its previous ruling, and the order is void. See *id.*; *People v. Williams*, 138 Ill. 2d 377, 398 (1990).

¶ 14    Here, the State did not file its motion to reconsider until August 24, 2017, more than three months after the trial court granted the defendant's motion to suppress evidence on May 22, 2017. The jurisdictional question presented is whether the State's motion for specific findings, filed on June 6, 2017, was a "motion directed against the judgment" that tolled the timeline for filing a notice of appeal or a postjudgment motion. See *People v. Marker*, 233 Ill. 2d 158, 173 (2009) ("a timely motion to reconsider a grant of a defendant's motion to suppress tolls the time for taking an appeal").

¶ 15    Illinois Supreme Court Rule 604(a) grants the State the right to take an interlocutory appeal from an order suppressing evidence. See Ill. S. Ct. R. 604(a) (eff. Mar. 8, 2016). Rule 606(b) governs the time for perfecting an appeal. See Ill. S. Ct. R. 606(b) (eff. July 1, 2017). It states, in pertinent part:

> "Except as provided in Rule 604(d), the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." *Id.*

¶ 16    The State asserts that because its motion for specific findings made clear that it was challenging the trial court's adverse judgment, it should be considered a "motion directed against the judgment" under the meaning of Rule 606(b).

¶ 17    Due to the limited guidance available from Illinois criminal law cases, both parties agree that civil cases may provide some assistance. Illinois Supreme Court Rule 303(a)(1) is the civil analogue to Rule 606(b). It states:

> "The notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the

5

entry of the order disposing of the last pending postjudgment motion directed against that judgment or order ***." Ill. S. Ct. R. 303(a)(1) (eff. Jan. 1, 2015).

¶ 18    The State concedes that a motion for findings is not a motion directed against the judgment, because it "merely requests that the court articulate the findings of fact and law upon which its prior judgment is predicated [and] does not request a change in the judgment." *Hayes Machinery Movers, Inc. v. REO Movers & Van Lines, Inc.*, 338 Ill. App. 3d 443, 446 (2003). However, the State asserts that its motion clearly stated that it was seeking reconsideration of the trial court's adverse judgment and therefore could be considered "directed against the judgment."

¶ 19    The defendant points out that to qualify as a motion directed against the judgment, the motion at issue must challenge the judgment itself, not simply request modification of the language of the judgment. He cites *Heiden v. DNA Diagnostics Center*, *Inc.*, 396 Ill. App. 3d 135 (2009), in support of his position.

¶ 20    In *Heiden*, plaintiffs, a mother and daughter, sued the DNA Diagnostics Center (Center) for failing to properly label a blood sample belonging to the putative father, which was the crux of a separate paternity suit by them. *Id.* at 136. On April 13, 2007, the trial court entered a final and appealable order that granted the Center summary judgment on plaintiffs' complaint. *Id.* On May 14, 2007, plaintiffs filed a " 'Motion to Reconsider Court Order of April 13, 2007, and For Clarification of said Order.' " *Id.* The motion asked the court to amend its order to expressly reflect that it had also disposed of the Center's third-party complaint, even though the court had ruled on the issue during the April 13, 2007, hearing on the motion for summary judgment. *Id.* The substance of plaintiffs' motion did not request a rehearing or reconsideration regarding summary judgment and, in their prayer for relief, requested that the court enter an order reconsidering its April 13, 2007, order and/or clarifying it, " 'reflecting [the trial court's] *written* disposition of the Third Party Complaint herein.' " (Emphasis in original.) *Id.* at 137.

6

¶ 21 At a hearing on plaintiffs' motion, the trial court explained that the matter had been addressed at the April 13, 2007, hearing. *Id*. Plaintiffs insisted that their motion was " 'a motion to clarify the order.' " *Id*. The court denied the motion on May 22, 2007, and plaintiffs filed a notice of appeal on June 20, 2007. *Id*. The Center moved to dismiss the notice of appeal as untimely because the motion was a motion to clarify, not a motion to reconsider, which would qualify as a proper postjudgment motion and toll the 30-day period to file an appeal. *Id*. Plaintiffs asserted that their motion qualified as a proper postjudgment motion because its title included the word "reconsider" and because the prayer for relief requested that the court enter an order reconsidering the April 13, 2007, order. *Id*. at 137-38.

¶ 22 The appellate court agreed with the Center. *Id*. at 138. It stated that "[plaintiffs'] appeal could be timely only if they filed it within 30 days of the resolution of a timely and proper motion directed against the final judgment." *Id*. The motion that they filed did not seek rehearing, retrial, a modification or vacation of the judgment, or other similar relief, and thus did not extend the time for filing a motion for appeal under Rule 303(a)(1). *Id*. It explained:

> "For purposes of Rule 303(a)(1), a motion for modification of the judgment must challenge the judgment, not simply request modification of the language of the judgment. [Citations.] Plaintiffs' motion did not request a rehearing or substantive reconsideration regarding the summary judgment and did not provide any basis for reconsideration of the summary judgment. The request to modify the language of the order thus was not a request to modify the judgment, and it did not extend the time for appeal under Rule 303(a)(1)." *Id*. at 138-39.

It concluded that "[a]lthough the caption and the prayer for relief of the motion in this case request reconsideration, the substance of the motion asks only for clarification of the court's earlier ruling." *Id*. at 141.

¶ 23 Here, the parties agree that Rule 303(a)(1) is the civil analogue to Rule 606. Therefore, we compare the *Heiden* plaintiffs' motion to the State's motion for specific findings and find

7

them to be analogous. The State's motion was captioned "motion for specific findings." It requested that the court "prepare an Amended Order which includes particular findings of fact regarding the various issues which were raised and upon which evidence was heard as well as any legal authority for the court's decision in this case." This language asks for clarification of the judgment; it does not seek substantive change to the judgment. While the State expressed its intent to file a motion to reconsider in the motion, this is not the same as requesting reconsideration of the order. Indeed, as the defendant correctly notes, the motion implicitly recognizes that it is *not* a motion to reconsider by indicating the State's intent to file such a motion *in the future*. We conclude that the State's motion for specific findings sought no substantive change to the judgment. Thus, it did not qualify as a "motion directed against the judgment" under the meaning of Rule 606(b) and thereby did not toll the 30-day period for filing a notice of appeal.

¶ 24 In the alternative, the State asserts that the trial court extended the time in which the State could file its motion to reconsider. This argument raises two questions: whether the court had the authority to extend the State's time to file, and whether the court, in fact, did so. However, we need not address whether we believe the court had the authority to grant an extension of time in this matter, because the State was not granted one.

¶ 25 The State did not request an extension of time in its motion for specific findings. No separate motion from the State for an extension of time appears in the record. No order by the trial court granting an extension of time appears on the record. No discussion of an extension of time was held at any of the hearings. To support its argument, the State asserts only that "the prosecutor made a timely application to the trial court for extra time to file its motion to reconsider, premised on the trial court's agreement to file specific findings." Pointing to the court

telling the State at the May 26, 2017, hearing to "file what you need to in the case and we'll reconsider the situation if needed," the State wishes us to find that this statement triggered an extension of time to allow it to file its pleadings, "and by the filing of its specific findings, the trial court had also granted the State its chance to file a motion to reconsider out of time." The State then concludes that the court's July 26, 2017, order containing specific findings was a *de facto* order of suppression from which the State timely filed its motion to reconsider.

¶ 26   It is true that the trial court was aware of the State's intentions to file a motion to reconsider as early as May 26, 2017, four days after it granted the defendant's motion to suppress. The court also did not actively remind the State at the June 19, 2017, case management conference that its 30-day deadline for filing was soon expiring. However, the State does not present, and this court could not find, any legal support for finding that a trial court may implicitly grant a party an extension of time to file a motion, much less one with no stated end point. We conclude that the State did not seek, and the court did not grant, an extension of time in this matter.

¶ 27   We find that the State's motion for specific findings did not qualify as a "motion directed against the judgment" under the meaning of Rule 606(b), and therefore, the 30-day period for filing a notice of appeal was not tolled. We further find that the trial court did not grant an extension of time for the State to file its motion to reconsider, and therefore, the August 24, 2017, motion was untimely. Consequently, the circuit court's December 29, 2017, order must be vacated for want of jurisdiction. For the foregoing reasons, this court has no jurisdiction to hear the merits of the State's appeal and it must be dismissed.

¶ 28   Order vacated; appeal dismissed.

2019 IL App (5th) 180024

NO. 5-18-0024

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

THE PEOPLE OF THE STATE OF ILLINOIS,   )   Appeal from the
                                        )   Circuit Court of
    Plaintiff-Appellant,            )   Jackson County.
                                        )
v.                                      )   No. 16-CF-200
                                        )
MARK D. WILLIAMS,                       )   Honorable
                                        )   Ralph R. Bloodworth III,
    Defendant-Appellee.             )   Judge, presiding.
_____

**Rule 23 Order Filed:**            June 11, 2019
**Motion to Publish Granted:**  June 25, 2019
**Opinion Filed:**              June 25, 2019
_____

**Justices:**          Honorable Thomas M. Welch, J.

                 Honorable David K. Overstreet, P.J., and
                 Honorable Melissa A. Chapman, J.,
                 Concur
_____

**Attorneys**      Hon. Michael Carr, State's Attorney, Jackson County Courthouse, Murphysboro,
**for**           IL 62966; Patrick Delfino, Director, Patrick D. Daly, Deputy Director, Office of
**Appellant**   the State's Attorneys Appellate Prosecutor, 730 East Illinois Highway 15, Suite
               2, Mt. Vernon, IL 62864
_____

**Attorneys**      James E. Chadd, State Appellate Defender, Ellen J. Curry, Deputy Defender,
**for**           Levi S. Harris, Assistant Appellate Defender, Office of the State Appellate
**Appellee**    Defender, Fifth Judicial District, 909 Water Tower Circle, Mt. Vernon, IL
               62864
_____