**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190569-U

Order filed November 9, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellant, | ) | |
| | ) | Appeal No. 3-19-0569 |
| v. | ) | Circuit No. 18-CF-397 |
| | ) | |
| DEWITT L. HOLBROOK, | ) | Honorable |
| | ) | Clark E. Erickson, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE CARTER delivered the judgment of the court.
Justices Schmidt and Wright concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The appellate court lacks jurisdiction to consider the substance of the State's appeal due to the State's failure to file a motion to reconsider or notice of appeal within 30 days of the judgment.

¶ 2    The State appeals the Kankakee County circuit court's order granting a motion to dismiss the bill of indictment filed by defendant, Dewitt L. Holbrook. The State argues that the court erred in dismissing the indictment because the evidence presented to the grand jury was not misleading. We dismiss the appeal for lack of jurisdiction.

¶ 3                                                I. BACKGROUND

¶ 4        Defendant was charged by indictment with three counts of unlawful delivery of a

controlled substance (720 ILCS 570/401(c)(2), (d) (West 2018)). The charges involved three

separate incidents in which defendant allegedly delivered substances containing cocaine to two

different confidential sources (CS).

¶ 5        Defendant filed a motion to dismiss the indictment due to the State's alleged presentation

of inaccurate evidence in the grand jury proceedings. Following a hearing, the court delivered its

ruling on the motion in open court on July 29, 2019. The court stated: "[T]he Court grants the

motion to dismiss the indictment with prejudice. The defendant is ordered released as the case is

dismissed." The following exchange occurred:

> "[THE STATE]: Your Honor, *** can we file a motion to reconsider
>
> or…?
>
> * * *
>
> THE COURT: That's fine, but the defendant's released today. So I—I
>
> will—yeah, I'll keep the case alive. I won't dismiss the case today. You—you
>
> want time to file a written motion to reconsider?
>
> [THE STATE]: Yes, [Y]our Honor.
>
> THE COURT: Really? Okay. That's fine. How much time do you need?
>
> [THE STATE]: *** I would have to probably order a transcript of the
>
> proceeding, Judge. So I would—
>
> THE COURT: Well, okay. That's fine.
>
> [THE STATE]:—probably—it would probably take me the full 30 days to
>
> get—

THE COURT: Yeah, that's fine.

[THE STATE]:—it on file.

THE COURT: That's fine. All right. So the case is not dismissed today, but—but the defendant is released today on a recognizance bond. And—because I'm not going to hold him in custody any longer on this.

*** The—the formal dismissal of the charge is stayed pending a hearing on a motion to reconsider which is to be filed within 30 days and set for hearing— I'll give you a date in September."

The court then set the matter for a hearing on the motion to reconsider on September 9, 2019.

¶ 6  The same day that the court orally pronounced its ruling, the court filed a written order stating:

"It is hereby ordered that the Motion to Dismiss Indictment filed by the defendant is granted for the following reasons: The testimony of Officer Koerner at the grand jury proceeding was misleading *** where Officer Koerner testified that the CS was under surveillance at all times. Further, Officer Koerner testifies that the drug transactions were audio & video recorded by the CS. In fact, the videos captured on the CS bodycam reflect no drug delivery transactions.

Pursuant to *People v. Oliver*, 368 Ill. App. 3d 690 (2006), the Motion to Dismiss the Indictment with Prejudice is granted. Defendant released today. State will file Motion to Reconsider."

¶ 7  On September 6, 2019, the State filed a motion to reconsider. In the motion, the State alleged: "On July 29, 2019, the Court granted Defendant's motion to dismiss with prejudice." The motion to reconsider argued that the court should not have granted the motion to dismiss the

3

indictment because the testimony presented to the grand jury was neither prejudicial nor a denial of due process. Alternatively, the motion argued that the State should be permitted to refile the charges. The court denied the motion to reconsider.

¶ 8        On September 27, 2019, the State filed a certification of impairment and a notice of appeal. The notice of appeal indicated that the date of the judgment was "July 29, 2019 Granting of Defendant's Motion to Dismiss; together with September 9, 2019 denying the State's Motion to Reconsider."

¶ 9        On appeal, defendant filed a motion to dismiss the appeal for lack of jurisdiction, which we have taken with the case.

¶ 10                              II. ANALYSIS

¶ 11        Before reaching the State's substantive argument concerning the propriety of the circuit court's dismissal of the indictment, we must address the threshold matter of our jurisdiction. Defendant argues that we lack jurisdiction to hear this appeal because the State failed to file a motion to reconsider or a notice of appeal within 30 days of the order dismissing the indictment with prejudice. We agree.

¶ 12        Pursuant to Illinois Supreme Court Rule 604(a)(1) (eff. July 1, 2017), the State may appeal from an order that has the substantive effect of dismissing a charge. See also *People v. Mattis*, 367 Ill. App. 3d 432, 435 (2006). Under Rule 606(b), a notice of appeal must be filed within 30 days of the entry of the order or judgment from which the appeal is taken unless a motion directed against the judgment has been timely filed. Ill. S. Ct. R. 606(b) (eff. July 1, 2017). This rule applies to appealable interlocutory orders as well as final judgments. *People v. Marker*, 233 Ill. 2d 158, 166-67 (2009); see also *People v. Holmes*, 235 Ill. 2d 59, 67 (2009) (holding that where the State seeks review of an interlocutory order appealable under Rule

4

604(a)(1) it must appeal or file a motion to reconsider within 30 days). Generally speaking, "a trial court loses jurisdiction to hear a cause at the end of the 30-day window following the entry of a final judgment." *People v. Bailey*, 2014 IL 115459, ¶ 8; see also *People v. Williams*, 2019 IL App (5th) 180024, ¶ 13.

¶ 13　　　　The court's order entered on July 29, 2019, was a final judgment, as it dismissed the indictment with prejudice. See *People v. Creek*, 94 Ill. 2d 526, 531 (1983) (" 'The term "with prejudice" has a well-recognized legal import; it is the converse of the term "without prejudice" and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final prosecution adverse to the complainant.' " (quoting *Gonzalez v. Gonzalez*, 6 Ill. App. 2d 310, 314 (1955))).[1] The State's motion to reconsider was not filed until September 6, 2019, more than 30 days after the judgment. Because the State failed to file either a motion to reconsider or a notice of appeal within 30 days of the judgment, the circuit court lost jurisdiction over the matter. See *Bailey*, 2014 IL 115459, ¶ 14. As such, the court was without authority to consider the motion to reconsider, and the State's subsequent notice of appeal was untimely. Accordingly, we have no authority to address the substantive merits of the judgment. *Id.* ¶ 29.

¶ 14　　　　We reject the State's argument that there was no final order dismissing the charges until the court's ruling on the motion to dismiss on September 9, 2019. The State notes that the circuit court stated at the July 29 hearing that "the formal dismissal of the charge is stayed pending a hearing on a motion to reconsider which is to be filed within 30 days and set for hearing." The court also said that it would "keep the case alive" and that it would not dismiss the case that day. Viewing the court's comments at the July 29 hearing in their entirety, we believe that the court

---

[1]Even if we were to find that this was an appealable interlocutory order rather than a final judgment, the same analysis would apply. See *Marker*, 233 Ill. 2d at 166-67; *Holmes*, 235 Ill. 2d at 67; *Williams*, 2019 IL App (5th) 180024, ¶ 13.

was merely indicating that it would keep the case on its active calendar until the resolution of the motion to reconsider. We do not believe that the court was indicating that it had not actually dismissed the indictment or that its July 29 order was not a final, appealable order. Notably, the written order of the court filed on July 29 stated that the indictment had been dismissed. Also, the State appeared to believe that the indictment had been dismissed on July 29, and it indicated as much in both its motion to reconsider and its notice of appeal.

¶ 15　　　In any event, even assuming that the court's stay of the "formal dismissal" of the indictment meant that the indictment had not yet been dismissed, this stay was subject to a condition subsequent—namely, the State's filing of a motion to reconsider within 30 days. This condition was not met by the State. The court never granted the State additional time to file a motion to reconsider. While the State contends that the court's denial of the motion to reconsider on its merits showed that the court implicitly granted the State additional time to file the motion, the State has cited no authority for the proposition that the circuit court may implicitly grant a party an extension of time to file such a motion. See *Williams*, 2019 IL App (5th) 180024, ¶ 26.

¶ 16　　　　　　　　　　　　　　III. CONCLUSION

¶ 17　　　For the foregoing reasons, the defendant's motion to dismiss is granted, and the appeal is dismissed for lack of jurisdiction.

¶ 18　　　Appeal dismissed.