2022 IL App (1st) 210211-U

FOURTH DIVISION
June 9, 2022

No. 1-21-0211

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE APPELLATE COURT
OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| MOHAMMAD MOHIUDDIN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 16 CH 11061 |
| | ) | |
| KYUN HWANGBO and ELIZABETH HWANGBO, | ) | Honorable |
| | ) | Neil H. Cohen, |
| Defendants-Appellants. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE REYES delivered the judgment of the court.
Justices Lampkin and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appeal is dismissed for lack of jurisdiction where the notice of appeal was untimely.

¶ 2    Plaintiff Mohammad Mohiuddin filed a complaint for specific performance and breach of contract in the circuit court of Cook County against defendants Kyun Hwangbo and Elizabeth Hwangbo based on a real estate contract executed by the parties. The circuit court ultimately entered a final order resolving all issues and took the case off call. Approximately two months later, defendants filed a *pro se* notice of appeal. As discussed below, we dismiss this appeal for lack of jurisdiction based on the untimely notice of appeal.

¶ 3                                  BACKGROUND

¶ 4      Defendants owned an apartment building in Melrose Park, Illinois (the property).  In December 2015, defendants entered into a written real estate contract for the sale of the property to plaintiff for $300,000.  Plaintiff subsequently requested modifications to the contract; he allegedly reserved the right to proceed under the contract if his modifications were not accepted. After defendants did not accept his modifications, plaintiff communicated that he was ready, willing, and able to close at the contract price of $300,000, but defendants apparently refused.

¶ 5      In August 2016, plaintiff filed a complaint against defendants for specific performance and breach of contract.  Defendants did not file an appearance or answer, and plaintiff filed a motion for a default judgment, which was granted.  Following a prove-up in September 2017, the circuit court ordered a closing within 30 days (which did not occur).  The circuit court also ordered specified amounts to be deducted from the net proceeds to defendants, including plaintiff's earnest money and certain attorney fees.

¶ 6      In November 2018, plaintiff filed a motion to modify the September 2017 order. According to plaintiff, his former counsel was unresponsive when plaintiff attempted to prepare for the closing.[1]  A title search obtained by his new counsel revealed, among other things, numerous judgment liens against defendants and the property from the Village of Melrose Park for ordinance violations.  In the motion, plaintiff sought additional amounts – attorney fees and the rental payments which defendants continued to collect from the tenants of the property – as well as the execution of a judicial deed as an equitable remedy for defendants' "contemptuous refusal" to comply with the court order, *i.e.*, refusal to cooperate in the transfer of the property. In an order entered in February 2019, the circuit court granted the requested relief.

_____

[1] His counsel had been suspended from the practice of law based on a felony conviction.

¶ 7    Following the execution of a judicial deed, defendants continued to refuse to cooperate and continued to collect rent from the tenants at the property. Plaintiff filed a motion to appoint a receiver to manage the property and effectuate a closing. After the circuit court granted the motion and appointed a receiver, defendants filed an appearance through counsel.

¶ 8    In September 2019, defendants filed a motion to quash service, claiming they were never properly served with the summons years earlier. Following an evidentiary hearing, the circuit court denied the motion. The circuit court subsequently entered multiple orders regarding defendants' failure to comply with its directives. Among other things, the court found that certain financial documents tendered by defendants to the receiver were "wholly insufficient."

¶ 9    The closing on the property eventually took place on August 6, 2020. Shortly thereafter, the receiver filed a report and recommendation regarding the distribution of the sale proceeds.

¶ 10    Following a hearing with all counsel and the receiver present, the circuit court adopted the report and recommendation in an order entered on December 30, 2020. The order authorized the receiver to make specified payments, including various attorney fees and estimated lost rental profits to plaintiff. The remaining funds in the amount of $32,328.41 were to be distributed to defendants. The receivership was terminated, and the receiver and his counsel were discharged. The order concluded by providing that (a) judgment was rendered in favor of plaintiff; (b) the case was off call; and (c) there was no just reason for delaying the enforcement or appeal of the order.

¶ 11    On January 15, 2021, defendants filed a *pro se* motion requesting 30 days to find another attorney to represent them. As provided in their notice of motion, a hearing was held on January 28, 2021. An order entered on that date states in part:

    "[Judgment] having already been rendered in favor of the Plaintiff and the case being off

call, the Court has advised the [Hwangbos] that they may hire any attorney they choose without the approval of the court. The court notes that the Hwangbos have not filed any motion(s) seeking to extend any deadline in this case and, that being the case, no deadlines are extended in relation to the December 30, 2020 final and appealable order."

Defendants filed a notice of appeal in the circuit court on February 26, 2021, which listed the date of the order being appealed as January 28, 2021.

¶ 12                                          ANALYSIS

¶ 13     As a preliminary matter, we observe that no appellee's brief has been filed by plaintiff. While we may decide the merits of an appeal without an appellee brief where the issues and record are simple (*First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976)), we will not do so in this case, as we lack appellate jurisdiction.

¶ 14     Regardless of whether the parties have raised the issue, a reviewing court must ascertain its jurisdiction before proceeding in a cause of action. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). The filing of the notice of appeal is the jurisdictional step that initiates appellate review. *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011). See also *Secura Insurance*, 232 Ill. 2d at 213 (noting that the "timely filing of a notice of appeal is both jurisdictional and mandatory"). Unless there is a properly filed notice of appeal, the appellate court lacks jurisdiction over the matter and is obligated to dismiss the appeal. *General Motors*, 242 Ill. 2d at 176.

¶ 15     Illinois Supreme Court Rule 303 mandates that a notice of appeal must be filed within 30 days of a final order, unless a "timely posttrial motion directed against the judgment is filed." Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). In that event, the notice of appeal is due "within 30 days after the entry of the order disposing of the last pending postjudgment motion directed at

that judgment or order." *Id.* An untimely motion – or a motion not directed against the judgment – does not stay the judgment or extend the time for appeal. *Stanila v. Joe*, 2020 IL App (1st) 191890, ¶ 12.

¶ 16     "A judgment or order is 'final' if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy." *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502 (1997). Accord *Stanila*, 2020 IL App (1st) 191890, ¶ 11. The final order herein was the order entered on December 30, 2020, which fully disposed of the rights of the parties. See *id.* In the order, the circuit court accepted the receiver's report and recommendation, directed the receiver to make specified payments *instanter*, terminated the receivership and relieved the receiver of any further duties, and stated that the case "is now off call." The order also provided that "[t]here is no just reason for delaying the enforcement or appeal of the matter."

¶ 17     Pursuant to Rule 303(a)(1), defendants' notice of appeal was thus due at the circuit court clerk's office within 30 days of the December 30, 2020 order, or by January 29, 2021. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Plaintiffs filed their notice of appeal on February 26, 2021, nearly two months after the entry of the December 30, 2020, order, so their appeal could be timely only if filed within 30 days of the resolution of a timely and proper motion directed against the final judgment. *Heiden v. DNA Diagnostic Center, Inc.*, 396 Ill. App. 3d 135, 138 (2009). See also *Stanila*, 2020 IL App (1st) 191890, ¶ 12 (noting that Rule 303(a)(1) provides that if a timely postjudgment motion is filed, the time in which to file a notice of appeal is tolled and the notice of appeal is due "within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order").

¶ 18     Not every motion that is filed after a circuit court has entered judgment constitutes a

"postjudgment motion" under Rule 303(a)(1). *Pro Sapiens, LLC v. Indeck Power Equipment Co.*, 2019 IL App (1st) 182019, ¶ 53. "A motion tolls the time for filing a notice of appeal and qualifies as a proper postjudgment motion if it requests one or more of the types of relief authorized in section 2-1203" of the Code of Civil Procedure (Code) (735 ILCS 5/2-1203 (West 2020)). *Stanila*, 2020 IL App (1st) 191890, ¶ 17. To toll the time for appeal, a postjudgment motion must request at least one of the forms of relief specified in section 2-1203 of the Code, *i.e.*, rehearing, retrial, modification, vacation, or other relief directed against the judgment. *Heiden*, 396 Ill. App. 3d at 140-41. Accord *Pro Sapiens, LLC,* 2019 IL App (1st) 182019, ¶ 53.

¶ 19    The notice of appeal herein lists the date of the judgment appealed from as January 28, 2021. The record reflects that the sole matter considered during the hearing on that date was defendants' *pro se* motion – filed on January 15, 2021 – requesting 30 days to retain a new attorney.[2] The motion does not expressly reference or implicitly invoke the forms of relief specified in section 2-1203 of the Code. As the motion neither attacked nor challenged the order entered on December 30, 2020, it plainly was not "directed against the final judgment." *McNally v. Bredemann*, 2015 IL App (1st) 134048, ¶ 22. Although not dispositive, we further note that the circuit court expressly stated in its January 28, 2021 order that defendants "have not filed any motion(s) seeking to extend any deadline in this case and, that being the case, no deadlines are extended in relation to the December 30, 2020 final and appealable order."

¶ 20    In conclusion, the motion filed on January 15, 2021, was not a postjudgment motion directed at the December 30, 2020 order, and the time period for filing a notice of appeal was not tolled. As the "timely filing of an appeal is both jurisdictional and mandatory"

---

[2] Defendants' motion provides: "I Kyun & Elizabeth Hwangbo need to find another attorney to represent me[.]  [P]lease allow me 30 days to find another attorney to represent me[.] Thank you."

(*Secura Insurance*, 232 Ill. 2d at 217), we are required to dismiss the instant appeal as untimely.

See *Dus v. Provena St. Mary's Hospital*, 2012 IL App (3d) 091064, ¶ 10.

¶ 21                                  CONCLUSION

¶ 22     For the reasons discussed above, this appeal is dismissed for lack of jurisdiction.

¶ 23     Appeal dismissed.